**SHARP ENGINEERING and Pradeep Shah, Appellants,**

**v.**

**Sergio R. LUIS and Judith Yanet Delgado, Individually and as Next Friend of Sergio Luis Delgado, Jackeline Luis, and Johnatan Luis, Minors, Appellees.**

No. 14–09–00645–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 10, 2010.

Gregory N. Ziegler, Alexander George Blue, Bryan Gerald Rutherford, Dallas, for appellants.

Jim S. Hart, James Edward Soto, Mark A. Carrigan, Blake Edward Rizzo, Houston, for appellees.

Panel consists of Justices FROST, BOYCE, and SULLIVAN.

## OPINION

WILLIAM J. BOYCE, Justice.

Appellants Sharp Engineering and Pradeep Shah appeal from the denial of their motion to dismiss the underlying negligence suit. Sharp Engineering and Shah contend that dismissal is mandated because appellees Sergio R. Luis and Judith Yanet Delgado, individually and as next friend of Sergio Luis Delgado, Jackeline Luis, and Johnatan Luis did not file the statutorily required certificate of merit with their original petition. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(a) (Vernon 2005).[1] We reverse and remand.

## Background

Appellee Sergio R. Luis, a carpenter, was injured when the roof of a house he was framing for Trendmaker Homes, Inc. collapsed. Appellees initially sued Trendmaker Homes on June 8, 2007. The suit settled for a confidential amount. Appellees then filed suit against Sharp Engineering and Shah on February 19, 2009, alleging that Sharp Engineering and Shah were negligent because they "failed to follow basic engineering princip[les] in the review, approval and design of the construction drawings, roof framing plan and the swoop cornice."

It is undisputed that Sharp Engineering and Shah are licensed or registered professionals and that appellees' claims are subject to Texas Civil Practice and Remedies Code Chapter 150, entitled "Licensed or Registered Professionals." *See id.* §§ 150.001–150.003 (Vernon 2005). Under Chapter 150, appellees were required to file a certificate of merit with their "complaint." *See id.* § 150.002(a).

■ The certificate of merit must "set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim." *Id.* The certificate need not state the applicable standard of care. *Benchmark Eng'g Corp. v. Sam Houston Race Park,* 316 S.W.3d 41, 44–47 (Tex.App.-Houston [14th Dist.] 2010, no pet.). The certificate of merit must be signed by "a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant[.]" *Id.* The "third-party professional engineer, registered professional land surveyor, or licensed architect" also must be "licensed in [Texas] and actively engaged in the practice of architecture, surveying, or engineering." *Id.* Section 150.002(d) provides for dismissal of a suit that does not include the certificate of merit required under section 150.002(a). *See id.* § 150.002(d).

Appellees did not file a certificate of merit with their original petition. Sharp Engineering and Shah filed a motion to dismiss on March 23, 2009, asserting that the trial court should dismiss appellees' claims because appellees failed to file a

1. The Eighty–First Texas Legislature amended section 150.002, effective as of September 1, 2009. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, Tex. Gen. Laws 1989–1990 (effective Sept. 1, 2009). Because this suit was filed on March 23, 2009, these amendments do not apply to this case. *See id.* All citations to the statute in this opinion are to the version in effect prior to the 2009 amendments.

certificate of merit with their original petition. Appellees filed a certificate of merit contemporaneously with their First Amended Original Petition on April 13, 2009. Sharp Engineering and Shah filed an amended motion to dismiss on May 4, 2009. The trial court denied Sharp Engineering's and Shah's amended motion to dismiss in an order signed on July 7, 2009. Sharp Engineering and Shah appeal from this order. *See id.* § 150.002(e).

## Analysis

Sharp Engineering and Shah argue that the trial court erred in denying their motion to dismiss under section 150.002(d) because appellees did not initially satisfy section 150.002(a)'s requirement to file a certificate of merit. Appellees argue that section 150.002(a) does not limit them to filing a certificate of merit with their original petition; according to appellees, section 150.002(a) requires only that they file a certificate of merit with a "complaint" and they did so when they included a certificate with their first amended petition. Appellees do not contend that any exception to the certificate requirement applies here. *See id.* § 150.002(b).

## I. Construction of Section 150.002

We review matters of statutory construction *de novo. State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). In construing a statute, our primary objective is to determine and give effect to the legislature's intent. *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002). We look at the statute's plain and common meaning because we presume the legislature intended the plain meaning of its words. *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). We presume that the legislature intended the entire statute to be effective. *See* Tex. Gov't Code Ann. § 311.021 (Vernon 2005). " '[I]t is settled that every word in a statute is presumed to have been used for a purpose;

and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible.' " *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex.2000) (quoting *Perkins v. State,* 367 S.W.2d 140, 146 (Tex.1963)). Courts should not adopt a construction that renders statutory provisions meaningless. *Fleming Foods of Tex. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999).

Sharp Engineering and Shah argue that section 150.002 "requires a claimant to file his Certificate at the time he first files his complaint against a design professional." At the time appellees filed their suit against Sharp Engineering and Shah on February 19, 2009, section 150.002, entitled "Certificate of Merit" provided in relevant part as follows:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

(b) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time

constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, registered professional land surveyor, or professional engineer could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(c) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

*See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 150.002(a)-(e) (Vernon Supp. 2009)).

Appellees argue that a plaintiff need not include a certificate of merit with the first-filed complaint alleging negligence by a professional because the legislature did not include the words "original" or "first-filed" before the word "complaint" in section 150.002(a). Under appellees' interpretation, section 150.002(a) allows a plaintiff to file a certificate of merit with an amended "complaint" in response to a motion to dismiss an earlier complaint that lacks the required certificate.

Appellees' interpretation cannot prevail because it impermissibly renders section 150.002(b) meaningless. Section 150.002(b) provides that a plaintiff asserting a negligence claim against a professional can obtain an extension of time to file a certificate of merit if (1) the statute of limitations will expire within 10 days of the filing of suit; and (2) this time constraint precludes preparation of the necessary certificate for filing with the suit. Tex. Civ. Prac. & Rem.Code Ann. § 150.002(b). Under these circumstances, the plaintiff must file its certificate within 30 days of filing its original complaint. *Id.* "The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires." *Id.*

If the absence of the section 150.002(a) certificate could be cured by attaching it to an amended complaint asserting the same negligence claim against the same professional, then section 150.002(b) would serve no purpose. A plaintiff faced with a looming statute of limitations deadline could negate section 150.002(b)'s 30–day extension procedure (along with the necessity of any subsequent motion and hearing) merely by filing an amended complaint and a certificate more than 30 days after suit was first filed. We cannot endorse a statutory interpretation that negates section 150.002(b) in this manner.

Requiring inclusion of the certificate with the first-filed "complaint" comports with this court's prior discussion of section 150.002(a). *See Benchmark Eng'g Corp.,* 316 S.W.3d at 42–44 ("[P]laintiff attached a certificate of merit to its original petition as required under section 150.002(a)."). This interpretation also comports with the analysis in *Ashkar Engineering Corporation v. Gulf Chemical & Metallurgical Corporation,* No. 01–09–00855–CV, 2010 WL 376076, at *2–*3 (Tex.App.-Houston [1st Dist.] Feb. 4, 2010, no pet.). In *Ashkar Engineering,* Gulf Chemical originally filed suit against Miner–Dederick. *Id.* at *1. Gulf Chemical added Ashkar Engineering, a design professional, as a defendant in its First Amended Petition asserting claims for negligence, breach of contract, and breach of implied warranty against Ashkar Engineering. *Id.* at *1, *4. Gulf Chemical did

not file a certificate of merit with its first amended petition; it later filed a certificate of merit with its third amended petition. *Id.* at *1. The court held that Gulf Chemical failed to timely file a certificate of merit. *Id.* at *3.[2]

We hold that section 150.002 requires a plaintiff to file a certificate of merit with the first-filed complaint asserting a negligence claim against a professional.

## II. Propriety of Trial Court's Ruling on Motion to Dismiss

We review a trial court's order granting or denying a defendant's motion to dismiss for abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877–78 (Tex.2001); *Rittmer v. Garza,* 65 S.W.3d 718, 721 (Tex.App.-Houston [14th Dist.] 2001, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding rules or principles. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003). A trial court will be deemed to have acted arbitrarily and unreasonably if the trial court could have reached only one decision, yet reached a different one. *Teixeira v. Hall,* 107 S.W.3d 805, 807 (Tex.App.-Texarkana 2003, no pet.). To that end, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co.,* 226 S.W.3d 400, 403 (Tex. 2007) (citing *In re Kuntz,* 124 S.W.3d 179, 181 (Tex.2003)).

Having determined that section 150.002(a) requires a plaintiff to file a certificate of merit with the first-filed complaint asserting negligence by a professional, we must determine if appellees complied with this requirement. Appellees filed suit against Sharp Engineering and Shah on February 19, 2009, alleging that Sharp Engineering and Shah were negligent because they "failed to follow basic engineering princip[les] in the review, approval and design of the construction drawings, roof framing plan and the swoop cornice." Appellees did not file a certificate of merit with their original petition. Appellees subsequently filed a certificate of merit with their First Amended Original Petition. Appellees do not contend that the exception set forth in subsection (b) is applicable to their case. Therefore, appellees failed to timely file a certificate of merit as required by section 150.002(a).

Subsection (d) requires "dismissal of the complaint against the defendant" if the plaintiff fails to file a certificate of merit in accordance with subsection (a) or (b). Therefore, the trial court abused its discretion in denying appellants' motion to dismiss. *See id.* Section 150.002(d) allows the trial court to dismiss with or without prejudice. Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d).

We sustain Sharp Engineering's and Shah's sole issue.

### Conclusion

We reverse the trial court's July 7, 2009 order denying appellants' motion to dismiss and remand this case to the trial court for a determination of whether such

---

**2.** The parties subsequently filed a joint motion to dismiss Ashkar Engineering's appeal and Gulf Chemical's motion for rehearing because they "settled their dispute in the trial court" and "agree to a voluntary dismissal." *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.,* No. 01–09–00855–CV, 2010 WL 1509287, at *1 (Tex.App.-Houston [1st Dist.]

April 15, 2010, no pet.). The parties also requested that the court withdraw its February 4, 2010 opinion and judgment. *Id.* The court dismissed the appeal and withdrew its February 4, 2010 judgment and March 22, 2010 order denying Gulf Chemical's motion for rehearing. *Id.* The court declined to withdraw its February 4, 2010 opinion. *Id.*

dismissal should be with or without prejudice to refiling.

SULLIVAN, J., concurring.

KENT C. SULLIVAN, Justice, concurring.

I respectfully concur. I write separately to note my concerns about the operation and efficacy of this statute. Its ostensible purpose is to provide a mechanism for the threshold elimination of merit less claims against certain professional service providers.[1] That is, of course, a legitimate legislative purpose. However, as this case illustrates, the actual application of this statute is fraught with ambiguity and potentially unintended consequences.

On its face, the statute is hardly a model of clarity, and it has already spawned a fairly impressive volume of litigation in its short history.[2] Recent cases have raised some significant issues of statutory construction, including the following:

- What constitutes an adequate "factual basis" for the mandated certificate of merit;[3]
- Whether a certificate of merit must reference some relevant "standard of care" for the professional;[4]
- Whether the statements contained in a certificate of merit must meet standards of evidentiary admissibility;[5]
- Whether a certificate of merit is required in non-negligence cases against a professional;[6]

**1.** See *Criterium–Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex.App.-Beaumont 2008, no pet.); *but see Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 436 (Tex.App.-Fort Worth 2005, no pet.) ("[N]o legislative history exists regarding the legislature's intent in enacting the statute, and ... the statute itself does not reflect its purpose or include a stated policy.").

**2.** See *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41 (Tex.App.-Houston [14th Dist.] 2010, no pet.); *Hughes v. Bay Area Montessori House, Inc.*, No. 14–09–00410–CV, 2010 WL 862861 (Tex.App.-Houston [14th Dist.] March 11, 2010, no pet.) (mem. op.); *Found Design, Ltd. v. Barzoukas*, No. 14–08–00485–CV, 2009 WL 1795130 (Tex.App.-Houston [14th Dist.] June 25, 2009, no pet.) (mem. op.); *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409 (Tex.App.-Waco 2010, no pet. h.); *UOP, L.L.C. v. Kozak*, No. 01–08–00896–CV, 2010 WL 2026037 (Tex. App.-Houston [1st Dist.] May 20, 2010, no pet. h.) (mem. op.); *Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102 (Tex. App.-Houston [1st Dist.] 2010, no pet.); *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01–09–00855–CV, 2010 WL 376076 (Tex.App.-Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.); *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407 (Tex.App.-Dallas 2010, pet. denied); *JNY, L.P. v. Raba–Kistner Consultants, Inc.*, 311 S.W.3d 584 (Tex.App.-El Paso 2010, no pet.); *WCM Group, Inc. v. Brown*, 305 S.W.3d 222 (Tex.App.-Corpus

Christi 2009, pet. dism'd); *WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214 (Tex.App.-Corpus Christi 2009, pet. dism'd); *Parker County Vet'y Clinic, Inc. v. GSBS Batenhorst, Inc.*, No. 2–08–380–CV, 2009 WL 3938051 (Tex. App.-Fort Worth Nov. 19, 2009, rule 53.7(f) motion granted) (mem. op.); *Landreth v. Las Brisas Council of Co–Owners, Inc.*, 285 S.W.3d 492 (Tex.App.-Corpus Christi 2009, no pet.); *Consol. Reinforcement, L.P. v. Carothers Executive Homes, Ltd.*, 271 S.W.3d 887 (Tex. App.-Austin 2008, no pet.); *Criterium–Farrell Eng'rs*, 248 S.W.3d 395; *Gomez v. STFG, Inc.*, No. 04–07–00223–CV, 2007 WL 2846419 (Tex.App.-San Antonio Oct. 3, 2007, no pet.) (mem. op.); *Kniestedt v. Sw. Sound & Elecs., Inc.*, 281 S.W.3d 452 (Tex.App.-San Antonio 2007, no pet.); *Palladian Bldg. Co.*, 165 S.W.3d 430.

**3.** *Benchmark*, 316 S.W.3d at 47–48; *see* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(b) (Vernon Supp. 2009).

**4.** *Benchmark*, 316 S.W.3d at *45–47 (holding certificate need not recite standard of care); *but see Criterium–Farrell Eng'rs*, 248 S.W.3d at 400 ("[T]he certificate of merit must necessarily address the applicable standard of care....").

**5.** *Benchmark*, 316 S.W.3d at 46–47.

**6.** *Parker County Vet'y Clinic*, 2009 WL 3938051, at *3; *Gomez*, 2007 WL 2846419, at *2–3; *Kniestedt*, 281 S.W.3d at 455.

- What is the scope of the limited good cause exception to extend the deadline for the filing of a certificate of merit; [7]

- Whether the statute extends to claims against non-resident professionals; [8] and

- Whether any deadline exists for a defendant to move for dismissal.[9]

More litigation is almost certain to follow in light of the statute's opaqueness and ambiguity.

And the construction and application of the statute in this case is particularly troubling. As noted, its apparent purpose is to screen meritless claims. *See Criterium–Farrell Eng'rs*, 248 S.W.3d at 399. However, counsel for the defendant acknowledged in oral argument that he does not actually contend in his motion to dismiss (or this appeal) that the plaintiff's claim is meritless. Instead, his argument is simply that the statute, properly construed, is utterly unforgiving and procedurally draconian in the context of this case.

Unfortunately, as it turns out, he is correct. As the majority notes, the literal language of the statutory provision in question seemingly cannot be reconciled with any other construction or result. And we are bound by the rules of statutory construction—even though it would appear that the legislative draftsmanship has yielded in this case only a statute that is a trap for the unwary [10] rather than a screen for meritless claims.

One can only hope that the Legislature will recognize the need for significant revisions to this statute. Other states have enacted similar statutes,[11] and they have generally included more comprehensive frameworks for the threshold screening of claims.[12] Texas is also not new to this

---

7. *Brown*, 305 S.W.3d at 230; *see* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(c).

8. *DLB Architects*, 305 S.W.3d at 411.

9. *Id.* ("[T]he statute does not contain any deadline for requesting dismissal."); *Landreth*, 285 S.W.3d at 500; *Palladian Bldg. Co.*, 165 S.W.3d at 434–35. The omission of any such deadline is disconcerting because it may encourage a defendant to wait for limitations to expire before requesting dismissal, thus rendering illusory the statute's option of dismissal without prejudice. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(e).

10. The lack of any meaningful opportunity to cure is particularly troubling given chapter 150's relative obscurity. Notwithstanding its applicability to negligence actions against design professionals, the statute is not grouped with similar statutes in Title 4 of the Civil Practice and Remedies Code—called "Liability in Tort"—although the legislature left room in that section for expansion. *See* Tex. Civ. Prac. & Rem.Code Ann. tit. 4 (Vernon 2005). Instead, chapter 150 may be found among the Code's *"Miscellaneous* Provisions" in Title 6, where its unexpected neighbors consist of statutes regarding the Y2K computer problem and corporate successors' asbestos-related liability. *See id.* tit. 6 (Vernon 2005).

And, unlike its comprehensive medical-malpractice counterpart, chapter 150 primarily affects only one small—but crucial—part of an engineering-malpractice action. *Compare* Tex. Civ. Prac. & Rem.Code Ann. §§ 74.001–.507 (Vernon 2005 & Supp. 2009) (governing both substance and procedure of medical-liability suits) *with* Tex. Civ. Prac. & Rem.Code Ann. §§ 150.001–.003 (Vernon 2005 & Supp. 2009) (covering only certificates of merit and liability during a disaster). Thus, its obscure location and limited application may prevent prudent attorneys from even *knowing of* the statute's existence and the requirement of a certificate of merit. Respectfully, the legislative purpose of filtering between meritorious and frivolous claims is not well served by an obscure, hard-to-find statute that offers no quarter even for an attorney's inadvertence. *Cf., e.g.,* Ga.Code Ann. § 9–11–9.1(f) (2006) (permitting plaintiff to cure inadvertent failure to file expert's affidavit).

11. *See* Del.Code Ann. tit. 38, § 6853 (Supp. 2008); Ga.Code Ann. § 9–11–9.1; Mich. Comp. Laws § 600.2912d; N.J. Stat. Ann. § 2A:53A–27; N.Y. C.P.L.R. § 3012–a; Ohio Civ. R. 10(D)(2); Pa. R.C.P. 1042.3.

12. The Georgia model, for example, encompasses malpractice claims against twenty-six

arena; it has substantial experience with the statutory regulation of medical-malpractice claims.[13] Hopefully, one or more of these statutes can provide a roadmap to a revised Texas statute in which purpose and application more closely align.

categories of licensed professionals, including architects and engineers, accountants, lawyers, nurses, and medical doctors. *See* Ga. Code Ann. § 9–11–9.1(g). In some ways, chapter 150 resembles a pared-down version of the Georgia statute, employing similar language and procedural requirements. *Compare id. with* Tex. Civ. Prac. & Rem.Code Ann. §§ 150.001–.002. Notably, under Georgia law, a claimant may revive a professional-liability action that has been dismissed, even after the expiration of limitations, if the initial failure to file the expert's affidavit resulted from mistake or inadvertence, as apparently occurred here. *See* Ga.Code Ann. §§ 9–11–9.1(f), 9–2–61(a); *see also, e.g.,* N.J. Stat. Ann. § 2A:53A–27 (allowing trial court to grant one extension, upon a finding of good cause, to file report); Pa. R.C.P. 1042.3(d) (permitting trial court to extend filing deadline 60 days for "good cause shown").

**13.** *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 74.001–.507.