**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed October 18, 2011.**

In The

# Fourteenth Court of Appeals

## NO. 14-10-01226-CV

## EPCO HOLDINGS, INC. AND ENTERPRISE PRODUCTS OPERATING, LLC, Appellants

## V.

## CHICAGO BRIDGE AND IRON COMPANY AND HOWE-BAKER ENGINEERS, LTD, Appellees

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2010-18848**

# DISSENTING OPINION

Under section 150.002(c) of the Texas Civil Practice and Remedies Code, a plaintiff seeking an exemption from the certificate-of-merit filing requirement must make the requisite allegation in the first-filed pleading. Because appellants failed to comply with the statute, the trial court did not abuse its discretion in dismissing their claims related to the design of catwalks. This court should affirm the trial court's order dismissing these claims. Because it does not, I respectfully dissent.

## STANDARD OF REVIEW

This court reviews an order denying a motion to dismiss under the certificate-of-merit statute for an abuse of discretion. *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005). Matters of statutory construction are reviewed de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). When a statutory provision is clear and unambiguous, as in this case, the court need not resort to extrinsic aids to determine the meaning of the provision. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). The court must adopt the interpretation supported by the plain meaning of the provision's words. *Id.*; *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993).

## STATUTORY ANALYSIS

Today's decision turns on the court's interpretation and application of section 150.002 of the Texas Civil Practice and Remedies Code. This provision, entitled "Certificate of Merit," governs the requirements and procedures for filing certificates of merit in actions against certain licensed or registered professionals, as set forth below in pertinent part:

> (a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file the complaint with an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
>> (1) is competent to testify;
>> (2) holds the same professional license or registration as the defendant; and
>> (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
>>> (A) knowledge;
>>> (B) skill;

2

（C）　experience;
（D）　education;
（E）　training; and
（F）　practice.

. . .

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed profession engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (c) (West 2011).

A suit triggering section 150.002 is commenced when the original pleading is filed. *S&P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390, 396–97 (Tex. App.—Austin 2011, no pet.) (construing whether 2005 or 2009 amendments to section 150.002 applied). Accordingly, the action does not recommence with the filing of a subsequent amended pleading, even if the amended pleading names a new defendant for the first time. *Id.* The action from which this appeal arises commenced on March 24, 2010, with the filing of the plaintiffs' original petition. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (requiring a certificate of merit to be filed "[i]n any action" against certain licensed professionals). Therefore, under subsection (a), the plaintiffs should have filed a certificate of merit contemporaneously with the filing of suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). They did not.

Subsection (c), under limited circumstances, allows for supplementation of the pleadings with the certificate of merit. This provision contains two requirements: (1) the limitations period must be about to expire within ten days of filing the case ("Looming Limitations"); and (2) the plaintiff has alleged that because of the time constraints imposed by Looming Limitations, an affidavit of a third-party licensed or registered

3

professional could not be prepared ("Inability Allegation"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c); *Sharp Eng'g*, 321 S.W.3d at 751. Both requirements must be satisfied for the plaintiff to qualify for an exemption from the contemporaneous-filing requirement of subsection (a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c). The statute provides that upon meeting both requirements, "the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit." *Id.* If either the Looming Limitations requirement or the Inability Allegation requirement is not satisfied, the trial court must dismiss the claim. *Id*.

Appellants, the plaintiffs below, failed to satisfy the Inability Allegation requirement of subsection (c). *See id.* They do not dispute that they failed to include the Inability Allegation in their first-filed pleading. Instead, they argue that the Inability Allegation under subsection (c) does not need to be made in the first-filed pleading. The majority agrees. A plain reading of the statute shows both are mistaken on this point.

The majority's interpretation of subsection (c) is facially incongruent with the unambiguous words of the statute. Notably, subsection (c) does not say that a plaintiff shall have any extension of time to supplement the pleadings with the requisite Inability Allegation; rather, the plain language of subsection (c) requires the Inability Allegation to be made in the first-filed pleading. *See id*.

The majority relies on a case from the Beaumont Court of Appeals[1] that is at odds with this court's precedent in *Sharp Engineering v. Luis*. *See Sharp Eng'g*, 321 S.W.3d at 751–52 (noting that the exception to the contemporaneous-filing requirement requires both an acknowledgement of the Looming Limitations requirement and the Inability Allegation). Because the Beaumont case is contrary to this court's precedent, the majority errs in following it.

In reaching its conclusion, the majority relies heavily on the Code Construction Act. The majority never says whether it believes the statute to be ambiguous but

---

[1] *Nangia v. Taylor*, 338 S.W.3d 768, 772 (Tex. App.—Beaumont 2011, no pet.).

4

nonetheless reviews the legislative history. Because the statute is unambiguous, there is no sound reason to consider legislative history and many compelling reasons not to do so. And, even if the legislative history did support the majority's interpretation, it would not be right to give effect to the legislative history if doing so would contradict the unambiguous language of the statute. *See Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278, 283–84 (Tex. 1999) (holding that, although section 311.023 of the Texas Government Code states that courts may consider the legislative history of unambiguous statutes, the legislative history of a statute cannot be used to alter the unambiguous meaning of a statute, except for the rare instance in which it is used to show a typographical error); *St. Luke's Episcopal Hosp.*, 952 S.W.2d at 505 (stating that courts need not resort to extrinsic aids in construing an unambiguous statute and that courts must find the legislature's intent as expressed in the language of the statute). In cases such as this, in which the Legislature has spoken clearly, legislative history serves no valid purpose. *See Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 621, 111 S. Ct. 2476, 2490, 115 L.Ed.2d 532 (1991) (Scalia, J., concurring in the judgment) (stating that best practice would be not to use legislative history that cannot affect the result in the case because it may confuse courts, such as the state supreme court in the case at hand, into ruling that the legislative history can change the interpretation of an unambiguous statute). This court should not consider legislative history when construing an unambiguous statute.

The majority concludes that under the statute, a plaintiff can effectively make the Inability Allegation in an amended pleading. But, the soundness of that interpretation is belied by the chronology of events contemplated by the statute. Under the majority's interpretation, the key event for a subsection (c) exemption for which the plaintiff is to allege that the limitations period "will expire within 10 days of the date of filing," already will have occurred by the time the amended pleading is filed. If this interpretation were correct, the plaintiff would be permitted to make a prospective statement ("limitations will expire within 10 days of the filing") when the statement is no longer true due to the

5

passage of time. As applied to this case, the appellants/plaintiffs could not have alleged on April 23, 2010, that "limitations will expire within 10 days of the filing [on March 24, 2010]" because on March 27, 2010, limitations already had expired. The Legislature's statutory sequencing in subsection (c) leaves no room for an after-the-fact Inability Allegation.

Rather than take subsection (c)'s words at face value, the majority relies on a provision of the Code Construction Act that states "words in the present or past tense include the future tense" to conclude that "has alleged" includes the future form of "allege." But, this strained approach changes the meaning of the statute's words. The Code Construction Act is supposed to be a tool to aid in giving effect to the Legislature's intent as expressed in the statute, not a tool to alter the Legislature's chosen chronology of events or spoil its statutory scheme. The majority's statutory analysis in this case exemplifies how erroneous interpretations can result when courts use the Code Construction Act to seek a provision's meaning even though the meaning is apparent from the plain words of the statute.

Subsection (c) unambiguously requires the Inability Allegation to be made in the first-filed pleading to qualify for the exception to subsection (a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c). The statute states in simple terms what a plaintiff must do to qualify for supplementation under subsection (c). The majority erroneously concludes that neither the provision's plain language nor the overall purpose of the statute suggests that the Inability Allegation must be made in the first-filed pleading. The majority strains to explain its interpretation, first by stating that "we presume that the Legislature purposefully omitted [the words "in the complaint"]" and then by superimposing the liberal-pleading rule into the text of the statute to arrive at what the majority deems a "just and reasonable result." The Legislature, however, did not choose to provide this measure of grace. Whether the Legislature's choice is "just and

reasonable" is open to debate but the words in the statute are susceptible to only one reasonable interpretation. The Inability Allegation must be made when suit is filed.

## CONCLUSION

The majority concludes the appellants satisfied the Inability Allegation requirement necessary to qualify for subsection (c)'s narrow exception. Under a plain reading of the statute, appellants failed to comply by filing a certificate of merit or by making the subsection (c) allegation in their first-filed pleading. The trial court did not abuse its discretion when it dismissed appellants' claims under section 150.002. This court should overrule appellants' issues and affirm the trial court's order in its entirety.

/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, Jamison, and McCally. (McCally, J., majority).