In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00479-CV**

_____

**CH2M HILL ENGINEERS, INC., Appellant**

**V.**

**BRANDY SPRINGER, HANI TOHME, FRANK JACKSON, GEORGE RANDLE, LEONARD FAULK, AND TRENT THIBODEAUX, Appellees**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. B-198,469**

**MEMORANDUM OPINION**

In this interlocutory appeal, Appellant, CH2M Hill Engineers, Inc. ("CH2M"), challenges the trial court's denial of its motion to dismiss for failure to file a certificate of merit in accordance with Texas Civil Practice and Remedies Code § 150.002. We affirm the trial court's decision.

1

## Factual and Procedural Background

In September of 2014, CH2M and the City of Beaumont (the "City") entered into an "agreement for professional services," whereby CH2M was to evaluate the City's water distribution and sewer collection services. In accordance with the agreement, CH2M produced a written report summarizing its findings and offering recommendations for improving the City's operations. The report was critical of some of the City's practices, including the amount of overtime incurred by the water utility staff, referring to it as "excessively high." After receiving CH2M's report, the City made personnel changes to the water utility staff, including the demotion, termination, or forced resignation of the Appellees.

In May of 2016,[1] Appellees filed suit against CH2M seeking damages for defamation and tortious interference with contract. Among a host of other assertions, the Appellees argue that their claims "aris[e] out of false and intentionally misleading statements published in [the report]." Appellees complain that the report "was deceptive, spurious, false, forged, and bogus." On June 3, 2016, CH2M filed its motion to dismiss pursuant to Section 150.002 of the Texas Civil Practices and

---

[1] Brandy Springer filed her original petition on May 10, 2016. Hani Tohme, Frank Jackson, Trent Thibodeaux, and George Randle filed their petitions in intervention on May 11, 2016. Leonard Faulk filed his petition in intervention on May 13, 2016.

Remedies Code, averring that Appellees failed to timely file the required "certificate of merit" setting forth each theory for which damages are sought, as well as the negligence or other action, error, or omission of the engineer. After a hearing, the trial court denied CH2M's motion, and CH2M consequently brought this interlocutory appeal, arguing that the trial court abused its discretion in denying CH2M's motion to dismiss.

## Standard of Review

An order denying a motion to dismiss for failure to file a certificate of merit in accordance with section 150.002 is immediately appealable. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f) (West 2011). We review a trial court's order on a motion to dismiss under section 150.002 for an abuse of discretion. *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 269 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd) (citing *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). The trial court abuses its discretion when it "acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles." *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 44 (Tex. App.—Houston [14th Dist.] 2010, pet. granted, judgm't vacated w.r.m.) (citations omitted). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Epco Holdings*, 352 S.W.3d at 269;

3

*Benchmark*, 316 S.W.3d at 44 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

We review matters of statutory construction *de novo. Epco Holdings*, 352 S.W.3d at 269; *Benchmark*, 316 S.W.3d at 44. We construe statutory language to ascertain and effectuate legislative intent, and we look to the statute's plain meaning because we presume that the Legislature intends the plain meaning of its words. *Epco Holdings*, 352 S.W.3d at 269–70 (citing *Sharp Eng'g*, 321 S.W.3d at 750). We view statutory terms in context, giving them full effect. *Benchmark*, 316 S.W.3d at 44 (citation omitted). We presume that every word of a statute was used for a purpose and every omitted word was purposefully not chosen. *Epco Holdings*, 352 S.W.3d at 270; *Benchmark*, 316 S.W.3d at 44. "Finally, in determining the plain meaning of a statute, we read the words in context and construe the language according to the rules of grammar and common usage." *Benchmark*, 316 S.W.3d at 45 (citing Tex. Gov't Code Ann. § 311.011(a) (West 2005)). After deciding the proper construction, we then determine whether the trial court abused its discretion in its application of the statute. *Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 425 (Tex. App.—Dallas 2012, no pet.).

**Licensed of Registered Professionals and Certificates of Merit**

Section 150.002 requires a plaintiff to file a certificate of merit "[i]n any action

. . . for damages arising out of the provision of professional services by a licensed or

registered professional[.]"[2] Tex. Civ. Prac. & Rem. Code Ann. § 150.002. Therefore,

to determine if a certificate of merit was required, we must decide whether CH2M

qualifies as a "licensed or registered professional" under the statute, and if so,

---

[2] Section 150.002 provides, in relevant part:

> (a) In any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party . . . licensed professional engineer . . . who: (1) is competent to testify; (2) holds the same professional license or registration as the defendant; and (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's: (A) knowledge; (B) skill; (C) experience; (D) education; (E) training; and (F) practice.
>
> (b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party . . . licensed professional engineer . . . shall be licensed or registered in this state and actively engaged in the practice of . . . engineering . . . .
>
> . . .
>
> (e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West 2011).

whether Appellees' claimed damages arose from CH2M's provision of professional services. *See id.* §§ 150.001(1-a)(West Supp. 2017), 150.002(a); *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 792 (Tex. App.—Houston [14th Dist.] 2013, no pet.). As the party complaining of an abuse of discretion, CH2M has the burden of bringing forth a record showing such abuse. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987).

The statute defines a "licensed or registered professional" to mean "a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or *any firm in which such licensed or registered professional practices*, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity." Tex. Civ. Prac. & Rem. Code Ann. § 150.001(1-a) (emphasis added).

Although CH2M claims in its appellate brief that Appellees identified CH2M as an engineering firm, Appellees have disputed CH2M's status as a licensed or registered professional in their response to CH2M's motion to dismiss and in their brief before this Court.

While the record contains evidence that CH2M is registered with the Texas Board of Professional Engineers, the record does not contain any evidence that a

6

licensed or registered professional practices within CH2M. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.001(1-a); *TDIndustries, Inc. v. My Three Sons, Ltd.*, No. 05-13-00861-CV, 2014 WL 1022453, at \*4 (Tex. App.—Dallas Feb. 14, 2014, no pet.) (mem. op.). Scott Neeley, Senior Designated Manager, signed the agreement between CH2M Hill and the Appellees. Mr. Neeley has not been shown to be a "licensed or registered professional," nor did he sign the contract as such. Moreover, the report is not signed by a licensed or registered engineer, but only issued by "CH2M Hill." CH2M has not proven, or even identified a single licensed professional engineer who performed professional engineering services for the firm. We conclude CH2M has failed to meet its burden of proof to show an abuse of discretion by the trial court. Because this issue is dispositive, we need not address whether Appellees' claimed damages arose from CH2M's provision of professional services.

## Conclusion

The trial court did not abuse its discretion when it denied CH2M's motion to dismiss. We affirm the trial court's order.

AFFIRMED.

_____
CHARLES KREGER
Justice

7

Submitted on April 20, 2017
Opinion Delivered December 7, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.