**Reversed and remanded, and Majority and Concurring Memorandum Opinions filed August 27, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00266-CV

---

### CASCO ARCHITECTS, Appellant

### V.

### CLA CINCO, LLC, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 19-DCV-261827**

---

### MAJORITY MEMORANDUM OPINION

An architectural firm files this interlocutory appeal, complaining of the trial court's denial of its motion to dismiss under Chapter 150 of the Texas Civil Practice and Remedies Code, which requires dismissal of certain complaints unaccompanied by a certificate of merit affidavit. With appellee's failure to timely file the required affidavit undisputed, the only issue is whether the trial court abused its discretion by denying the motion upon its implied finding that the

architectural firm waived its right to move for dismissal under Chapter 150. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2014, CLA Cinco, LLC set out to build a Children's Learning Adventure facility in the Cinco Ranch subdivision of Katy, Texas, and by January 2015, secured a general contractor to complete the project by May 15, 2015. On May 29, 2015, the general contractor issued a "Certificate of Substantial Completion," certifying that the work had been completed in accordance with the relevant contracts "so that the Owner can occupy or utilize the Work for its intended use." The record indicates, that "years later," (though exactly when is unclear), "water began intruding into the building causing damage to it."

CLA first filed its lawsuit in Fort Bend district court on April 23, 2019 naming two contractors complaining of defects in the construction of the facility.

On May 17, 2019, CLA filed its First Amended Petition adding CEI Engineering Associates, Inc. as an additional defendant, adding complaints of design defects, and included a Certificate of Merit as to its claims against CEI Engineering. Though not named in the body of the pleading, the style includes "CASCO ARCHITECTS" as a defendant.

Two weeks later, on May 30, 2019, CLA filed its Second Amended Petition naming appellants CASCO Architectural & Engineering, and CASCO Diversified Corporation d/b/a CASCO Architectural & Engineering (singularly referred to as "CASCO"), alleging that "CASCO entered into a contract with CLA to properly design the architectural aspects of the Project" and asserts claims against CASCO for breach of contract, negligence, breach of warranty, negligent misrepresentation, fraud, fraudulent concealment, and promissory estoppel. With the Second

2

Amended Petition, CLA again provided a certificate of merit pertaining to CEI, but did not provide a certificate of merit pertaining to CASCO but rather stated that it would "timely supplement its Certificate of Merit related to the work of CASCO."

On June 14, 2019, CLA filed its Third Amended Petition, the live petition, which contains the same allegations as the Second Amended Petition, but includes a seven-page "Architect's Certificate of Merit" affidavit related to the work of CASCO.

Ten days later, CASCO filed its Answer, generally denying the allegations, asserting that the claims against it should be dismissed under Chapter 150 of the Texas Civil Practice and Remedy Code for failure "to include a certificate of merit with the original filing of the Second Amended Petition which is the first filed petition against CASCO," and asserting that the claims are barred under a statute of limitations defense under the 2-year and 4-year statute of limitations.

On January 24, 2020, CLA filed a Suggestion of Bankruptcy and Motion to Abate, and a week later the trial court granted the motion to abate pending resolution of the bankruptcy proceeding. The bankruptcy stay ended on October 17, 2022.

On February 24, 2023, CASCO moved to dismiss CLA's lawsuit against it on the basis that CLA failed to attach a certificate of merit that addressed CASCO's work to the first petition it filed against CASCO, its Second Amended Petition.  In its response, CLA argued CASCO had waived any right to a section 150.002 dismissal, or alternatively that CASCO had not shown it was entitled to a dismissal with prejudice. In its reply and at the hearing on its motion to dismiss, CASCO represented to the court that it was unopposed to a dismissal without prejudice if the court otherwise ruled in its favor in granting its motion.  The trial court denied CASCO's motion, prompting this interlocutory appeal.

3

## II. Issues and Analysis

The issue in this interlocutory appeal is whether the trial court erred in refusing to dismiss CLA's claims against CASCO in the absence of certificate of merit contemporaneously filed with its first filed complaint against CASCO on the implicit finding that CASCO waived its right to a Chapter 150 dismissal.

### *Standard of Review*

We review a trial court's order granting or denying a motion to dismiss under §150.002 for an abuse of discretion. *Epco Holdings, Inc. v. Chicago Bridge and Iron Company*, 352 S.W.3d 265, 269 (Tex. App.—Houston [14th Dist.] 2011, no pet)(citing *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App—Houston [14th Dist.] 2010, no pet)) A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Id*.

### *Section 150.002 and the right to mandatory dismissal*

The purpose of chapter 150 "is to deter meritless claims and bring them quickly to an end." *CTL/Thompson Texas, LLC v. Starwood Homeowner's Ass'n, Inc.,* 390 S.W.3d 299, 301 (Tex. 2013). The certificate of merit requirement saves parties from the expense of protracted litigation. *LaLonde v. Gosnell*, 593 S.W.3d 212, 220 (Tex. 2019). Section 150.002 requires that in a claim like the one filed by CLA against CASCO, the affidavit of a third-party licensed professional,[1] or

---

[1] Section 150.002(a) requires an affidavit of a third-party licensed professional who is "competent to testify", who "holds the same professional license or registration as the defendant"; and who "practices in the area of practice of the defendant and offers testimony based on the person's (A) knowledge; (B) skill; (C) experience; (D) education; (E) training; and (F) practice." Tex. Civ. Prac. & Rem. Code §150.002(a). The required affidavit "shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." *Id*. at §150.002(b).

certificate of merit, to be filed with the complaint. *Id*. at §150.002(a)("In any action ... for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint an affidavit of a third-party" professional in the same field). A claimant's failure to file the Certificate in accordance with §150.002 "shall result in dismissal of the complaint against the defendant". *Id*. at §150.002(e). Courts have interpreted the language of section §150.002(a) to require plaintiffs to file a certificate of merit affidavit contemporaneously with a first-filed petition as to the defendants to which a §150.002 claim applies. *Tex. S. Univ. v. Kirksey Archs., Inc.*, 577 S.W.3d 570, 575–76 (Tex. App.— Houston [14th Dist.] 2019, no pet.) (holding that §150.002(a) "generally requires that a certificate of merit affidavit be filed contemporaneously with a petition asserting claims against" certain professionals). Failure to file a certificate of merit with the first-filed complaint against a defendant cannot be cured by amendment. *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014). Thus, the right to dismiss arises immediately if the first-filed complaint has been filed without an expert's sworn certification of merit.

### *Waiver of the right to Mandatory Dismissal*

Against the strict application of this rule designed to weed out frivolous claims, the courts recognize an exception to the mandatory dismissal imposed by section 150.002. When after considering relevant factors, a court determines the moving party has "so engaged the judicial process that a certificate of merit ceases to serve its intended function, the requirement of its filing is waived." *LaLonde v. Gosnell*, 593 S.W.3d at 229 *citing Crosstex*, 430 S.W.3d at 395.

The supreme court in *LaLonde* identified factors it considers in conducting a totality of the circumstances analysis as to waiver of the right to dismissal: (1) participation in discovery; (2) the stage of the litigation at which dismissal is

sought; (3) the time elapsed in litigation; (4) seeking affirmative relief; and (5) participating in alternative dispute resolution. *LaLonde v. Gosnell*, 593 S.W.3d at 223-26. The *LaLonde* majority parted ways with the dissent's view that the absence of a statutory deadline to file the motion precludes courts from affording the factor of delay significant effect. Regarding delay, the court stated:

> The time elapsed in the litigation should also be taken into consideration. Indeed, "[s]ilence or inaction, for so long a period as to show an intention to yield the known right, is ... enough to prove waiver." It certainly takes a long time to be "enough," but every day a defendant has an absolute procedural right to dismissal yet does not exercise it is another small but cumulative indication of the defendant's intent to waive that right.

*LaLonde v. Gosnell*, 593 S.W.3d at 224–25 (internal citations omitted).

Thus, under *LaLonde*, a significant delay can suffice to establish waiver. *Id.* at 228.

In addition to its consideration of the delay (or "time elapsed") and other factors, the *LaLonde* court also considered the prejudicial effect that occurs when an "unexplainable, and unexplained, delay. . ." renders claims that could have been dismissed without prejudice and refiled "time-barred." *Id.* at 229.

No facts were developed in the trial court as to several of the *LaLonde* factors—by way of affidavit or supporting documents. Though we consider all factors, we only address the factors for which there is a record.

### *Discussion*

The relevant time-line in this litigation is as follows:

- The litigation against CASCO began on May 30, 2019[2] with the

---

[2] As previously noted, two weeks earlier CLA identified CASCO in the style of the First Amended Petition, but did not discuss CASCO in the body of the petition.

Second Amended Petition;

- On June 14, 2019, CLA filed its Third Amended Petition and attached a certificate of merit relating to CASCO;

- On June 26, 2019, CASCO answered and pleaded the defense of CLA's failure to attach a Certificate of Merit to the Second Amended Petition;

- On Jan. 24, 2020, CLA filed for bankruptcy;

- On Jan. 31, 2020, the district court abated the case pending the resolution of the bankruptcy;

- On Oct. 17, 2022, the bankruptcy stay was lifted; and

- On Feb. 24, 2023, CASCO moved to dismiss.

For purposes of considering the time elapsed, we only consider the time elapsed during the litigation wherein CASCO had an "absolute procedural right to dismissal" without exercising it. *See LaLonde v. Gosnell*, 593 S.W.3d at 225. Because CASCO had no such right during the bankruptcy stay, we only consider CASCO's delay during the period of litigation before and after the stay. Thus, discounting the period of the bankruptcy stay (997 days; or 2 years, 8 months, 23 days), the time elapsed between the first petition against CASCO and the filing of the motion to dismiss totaled 369 days, or a few days longer than one year.

There is no allegation or evidence that CASCO sought affirmative relief in trial court, engaged in alternative dispute resolution, waited to the eve of trial to seek dismissal, or participated in discovery prior to filing its motion to dismiss. CLA's defense to its failure to file a Certificate of Merit focuses on CASCO's delay in filing its motion to dismiss.

7

Here, we are confronted solely with a delay of one year with none of the other *LaLonde* factors. Appellant can point to no cases where a one-year delay, standing alone, is sufficient to constitute waiver. In *Foundation Assessment, Inc. v. O'Connor,* 426 S.W.3d (Tex. App.—Fort Worth 2014, pet. denied), the court held that a "twenty-two-month delay in filing the motion to dismiss does not, without more, strip [defendants] of their dismissal right under section 150.002." *Id*. at 833. *See also Ustanik v. Nortex Foundation Designs, Inc.*, 320 S.W.3d 409, 413 (Tex.App.—Waco 2010, pet. denied)(delay of 29 months insufficient to establish waiver); *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411 (Tex. App.—Dallas 2010, pet. denied)(15 month delay insufficient to establish waiver).

CLA argues that, by the time CASCO's motion to dismiss was filed, the statute of limitations had expired. *See LaLonde v. Gosnell*, 593 S.W.3d at 229 (considering, without deciding the necessity of showing prejudice, that prejudice existed under the facts of *LaLonde* where the plaintiffs could have cured by refiling their lawsuit with the affidavit if motion had been filed and resolved earlier, but "[d]ue to unexplainable, and unexplained, delay [of the defendants], [the plaintiffs] are now time-barred from doing so."). There are several answers to this argument. First, the vast majority of the delay in filing the motion to dismiss was due to CLA's voluntary bankruptcy filing and it's motion to abate. The actual time that passed between the filing of the lawsuit and the motion to dismiss was nearly four years, but with the bankruptcy, CASCO is only accountable for the seven-month period before the bankruptcy and the five-month period afterward. Yet even the effect of the disruption by the bankruptcy cannot be disregarded: Given the length of the bankruptcy, it is unsurprising that when it concluded and the litigation finally resumed that CASCO might first have to, as it did, first address hiring new attorneys for the case. Second, CASCO put CLA on notice of its defense that

CLA's suit against CASCO should be dismissed immediately upon CASCO's answer. With CLA immediately aware of CASCO's intention to dismiss the lawsuit, CLA could have nonsuited and refiled at anytime the litigation was active before the dismissal was filed to avoid the possibility of being barred by the statute of limitations. Finally, it is unclear when or whether the statute of limitations may have run against CLA's claim against CASCO. CLA merely alleges that limitations has expired without providing any date to calculate when limitations has run. Thus unlike in *LaLonde,* on our record it is possible that the statute of limitations had already expired with respect to some claims or all claims prior to the lawsuit even being filed (or expired during the period of bankruptcy), such that the delay (or part of the delay) had no prejudicial effect in causing some or all claims to become time-barred. *See id*.

### III. CONCLUSION

We grant CASCO's issues and reverse the trial court's judgment.


/s/     Randy Wilson
Justice

Panel consists of Justices Hassan, Poissant and Wilson (Poissant, J., concurring).