**Reversed and remanded, and Majority and Concurring Memorandum Opinions filed August 27, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00266-CV

---

### CASCO ARCHITECTS, Appellant

### V.

### CLA CINCO, LLC, Appellee

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCV-261827**

---

### MEMORANDUM CONCURRING OPINION

I acknowledge that the certificate-of-merit statute enacted by the Legislature requires the plaintiff to file a certificate of merit contemporaneously with the complaint. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (c). If the plaintiff fails to do so, then the statute states that such failure "shall result in dismissal of the complaint against the defendant" and further provides "[t]his dismissal may be with prejudice." *See id.* § 150.002(e). Texas appellate courts, including this Court,

have consistently concluded plaintiffs are required to file a certificate of merit with the first-filed petition in which a § 150.002 claim applies. *See, e.g.*, *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("We hold that section 150.002 requires a plaintiff to file a certificate of merit with the first-filed complaint asserting a negligence claim against a professional."); *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01-09-00866-CV, 2010 WL 376076, at *1–3 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (holding that Gulf Chemical failed to timely file a certificate of merit because it did not file a certificate with its first amended petition but did file one with its third amended petition). I concur with the majority's conclusion that on this record both the statute and precedent require the trial court to dismiss CLA's claims against CASCO for its failure to file a certificate of merit with its second amended petition.

Nevertheless, I write separately to note that requiring dismissal for failure to file a certificate of merit with the initial pleading in circumstances where a party files such a certificate with its amended complaint a very short time after it filed its original complaint defeats the purpose of the statute, which is to deter frivolous claims against licensed or registered professionals. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam) ("Section 105.002(e) dismissal is a sanction with the same purpose [as the expert-report requirement in healthcare liability lawsuit], to deter meritless claims and bring them quickly to an end."). Here, CLA filed a certificate of merit with its third amended petition only fifteen days after it filed the complaint that first raised professional negligence claims against CASCO. In these circumstances, an exception should exist based on the timing of the filing of the certificate of merit, or the trial court should be afforded discretion if the certificate of merit is not filed

with the initial complaint to determine whether dismissal is warranted in such a case.[1]

By way of comparison, in a health care liability claim, by statute, the claimant has 120 days after each defendant's answer is filed, or a later date under § 74.353, to file an expert report, and the date may be extended by written agreement of the affected parties. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Further, it is within the discretion of the trial court to grant one thirty-day extension to cure deficiencies within an expert report. *See id.* § 74.351(c); *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011).

---

[1] Currently, the statute contains the following exception "The contemporaneous filing requirement . . . shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, a claimant has alleged that an affidavit of a third-party [professional] could not be prepared. In such cases, the claimant shall have 30 days after the filing of the complaint to supplement the pleadings with an affidavit." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c). The statute further provides that an affidavit is not required to be filed by a third-party plaintiff that is a design-build firm or a design-build team, or an architect, engineer, or other member of a design-build firm or a design-build team in connection with the filing of a third-party claim or cross claim against a licensed or registered professional if the proceeding arises out of a design-build project in which a governmental entity contracts with a single entity to provide both design and construction services concerning a facility, a building or associated structure, civil works project, or a highway project. *Id.* § 150.002(i). Finally, the statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services. *See id.* § 150.002(h); *Zachry Eng'g Corp. v. Encina Dev. Grp., LLC*, 672 S.W.3d 534, 540–41 (Tex. App.—Houston [14th Dist.] 2023, pet. filed).

Considering the potential harm to complaining parties in precluding the potential recovery of damages in a case with merit and considering the requirements of § 150.002(b) as to the specific information that needs to be contained in the affidavit without the benefit of discovery, balanced against the potential harm to parties who have been inconvenienced by a fifteen day delay of such an affidavit, I respectfully concur, but with reservation.

/s/    Margaret "Meg" Poissant
        Justice

Panel consists of Justice Hassan, Justice Poissant, and Justice Wilson. (Wilson, J., majority).