**EPCO HOLDINGS, INC. and Enterprise Products Operating, LLC, Appellants,**

v.

**CHICAGO BRIDGE AND IRON COMPANY and Howe–Baker Engineers, Ltd., Appellees.**

No. 14–10–01226–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 18, 2011.

William J. Eggleston, Houston, Lee Ann Thigpen, Jackson, MS, for appellants.

Jeffrey L. Diamond, Matthew Darrell Sharpe, Houston, for appellees.

Panel consists of Justices FROST, JAMISON, and McCALLY.

## OPINION

SHARON McCALLY, Justice.

Appellants Epco Holdings, Inc. and Enterprise Products Operating, LLC appeal from the trial court's order dismissing their claims against appellees Chicago Bridge and Iron Company and Howe–Baker Engineers, LTD. In two issues, appellants argue that the trial court abused its discretion when it dismissed some of the claims because appellants complied with the certificate-of-merit filing requirements of section 150.002 of the Texas Civil Practice and Remedies Code. We agree, and we reverse the trial court's order dismissing appellants' claims related to the design of catwalks. We affirm the remainder of the trial court's order[1] and remand for further proceedings.

### THE STATUTE

Resolution of this appeal depends on the interpretation and application of section 150.002 of the Texas Civil Practice and Remedies Code, titled "Certificate of Merit." In particular, we must determine whether appellants satisfied the requirements of subsection (c), which would allow for a thirty-day extension of time to file their certificate of merit. The statute appears as follows:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;

(2) holds the same professional license or registration as the defendant; and

(3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the

---

1. Appellants note they "are not appealing the dismissal of [other] claims" related to the design of an emergency shutdown system.

filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

(f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

(g) This statute shall not be construed to extend any applicable period of limitation or repose.

(h) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

TEX. CIV. PRAC. & REM.CODE ANN. § 150.002 (West 2011).

## BACKGROUND

On March 27, 2008, a fire broke out at appellants' cryogenic processing plant because natural gas escaped from loose bolts on a check valve. Appellants sued appellees, among other defendants, due to appellees' alleged failure to design the plant with sufficient catwalks so the check valve could be properly accessed and maintained. Appellants filed their original petition on March 24, 2010, three days prior to the expiration of the period of limitations on appellants' negligence claims. Appellees answered with a general denial on April 1, 2010

Appellants did not file a certificate of merit contemporaneously with their original petition, *see id.* § 150.002(a), nor did appellants allege in the petition that a certificate of merit could not be prepared due to time constraints, *see id.* § 150.002(c). Thirty days later, appellants filed a certificate of merit related to the alleged negligence of appellees' failure to design the plant with sufficient catwalks. On the same day, appellants filed an amended petition, in which they alleged that they were forced to file the original petition without a certificate of merit because of the impending expiration of the limitations period.

About six months later, appellees filed a motion to dismiss based on section 150.002. In the motion, they argued that dismissal was required because appellants failed to meet "pleading requirements" imposed by section 150.002(c) to trigger the thirty-day extension of time to file a certificate of merit—that is, appellants failed to allege in their original petition that a certificate of merit could not be prepared because of time constraints. After a hearing, the trial court entered a written order dismissing all of appellants' claims against appellees. This appeal followed. *See id.* § 150.002(f).

## ANALYSIS

Appellants argue that the trial court abused its discretion when it dismissed their claims under section 150.002 because the plain language, legislative history, and objective of the statute do not suggest that a plaintiff's allegation under subsection (c) must be made in an original petition. Appellees respond that the plain language of the statute requires the allegation to be made in an original petition, and a contrary interpretation of the statute would render subsection (d) meaningless.[2]

2. Citing section 16.068 of the Civil Practice and Remedies Code, appellants further argue

that if the allegation must be made in the original petition, then appellants' first amend-

We hold that the statute does not require a plaintiff's allegation under subsection (c) to be made in the first-filed petition. Appellants complied with the plain language and intent of the statute by filing a certificate of merit and making the subsection (c) allegation in an amended petition within thirty days of filing their original petition. We neither imply nor hold that under the statute a plaintiff may invoke subsection (c) through any amended pleading filed at any time to extend the filing deadline beyond thirty days of filing their original petition.

## A. Standard of Review

We review a trial court's order granting a motion to dismiss under section 150.002 for an abuse of discretion. *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex.App.Houston [14th Dist.] 2010, no pet.). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Id.* Matters of statutory construction are reviewed de novo. *Id.* at 750. None of the relevant facts in this case are disputed, and our holding rests entirely upon the proper construction of the statute.

## B. *Nangia v. Taylor*

As an initial matter, however, we note that the Beaumont Court of Appeals recently decided the same issue presented here in favor of appellants. *See Nangia v. Taylor*, 338 S.W.3d 768, 772 (Tex.App.-Beaumont 2011, no pet.). The plaintiff in

*Nangia* filed an amended petition within ten days of the expiration of the limitations period and added the defendant, a licensed engineer. *See id.* at 770. The plaintiff did not attach a certificate of merit with the petition, nor did he allege that a certificate of merit could not be prepared due to time constraints. *See id.* at 770, 772. Within thirty days, the plaintiff filed a certificate of merit and another amended petition, in which he explained that the failure to contemporaneously file the certificate of merit with the prior petition was due to a limitations deadline. *Id.* at 770.

The trial court denied the defendant's motion to dismiss, and the court of appeals affirmed, holding that a plaintiff's allegation under subsection (c) may be made for the first time in an amended pleading filed within thirty days of the first petition adding the defendant as a party. *Id.* at 772. We agree with the result reached by the court of appeals in *Nangia.* Moreover, that the *Nangia* plaintiff both amended and supplied a certificate of merit within thirty days aligns *Nangia* factually with the instant case and distinguishes it from all others.[3] But because we are not bound by that court's decision,[4] we nonetheless conduct an independent review of the statute.

## C. Rules of Statutory Construction

When interpreting a statute, our primary objective is to give effect to the Legislature's intent. *Sharp Eng'g*, 321

---

ed petition cured any defect in the pleadings. Appellees respond that appellants waived this argument by failing to make it in the trial court. Because we hold that the subsection (c) allegation does not need to be made in the original petition, we do not address these arguments. *See* Tex.R.App. P. 47.1.

3. Though *Sharp Engineering v. Luis*, 321 S.W.3d 748 (Tex.App.-Houston [14th Dist.] 2010, no pet.), analyzed the certificate of merit statute, the plaintiffs in that cause did not

invoke the extension provisions of the statute as their filings were well beyond the deadline; thus, our court did not address the timing of the requisites for an extensions.

4. *See Jankowiak v. Allstate Prop. & Cas. Ins. Co.*, 201 S.W.3d 200, 208 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (citing *Eubanks v. Mullin*, 909 S.W.2d 574, 576 n. 1 (Tex.App.-Fort Worth 1995, no writ)).

S.W.3d at 750; *see* TEX. GOV'T CODE ANN. § 312.005 (West 2005). We look to the statute's plain meaning because we presume the Legislature intends the plain meaning of its words. *Sharp Eng'g*, 321 S.W.3d at 750. "We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). " '[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible.' " *Sharp Eng'g*, 321 S.W.3d at 750 (quoting *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex.2000)). Thus, we should not adopt a construction that renders a statutory provision meaningless. *Id.*

When construing this statute, we are also bound by rules of construction found in Chapters 311 and 312 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 311.002, 312.001 (West 2005); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 1.002 (West 2002) (stating that Chapter 311 of the Government Code applies to the construction of this code). We must presume that the Legislature intends the entirety of a statute to be given effect and that the Legislature intends a just and reasonable result. TEX. GOV'T CODE ANN. § 311.021 (West 2005). To determine legislative intent, we must "consider at all times the old law, the evil, and the remedy." *Id.* § 312.005. We must also give individual words their ordinary meaning or common usage unless (1) the words have acquired a technical or particular meaning through legislative definition or otherwise or (2) the words are connected with a particular trade or subject matter or are terms of art with a particular meaning. *See* TEX. GOV'T

CODE ANN. §§ 311.011, 312.002 (West 2005). Further, "[w]ords in the present or past tense include the future tense." TEX. GOV'T CODE ANN. § 312.003(a) (West 2005). And finally, we may consider among other matters the object sought to be obtained by a statute, legislative history, consequences of a particular construction, and the common law or former statutory provisions, including laws on similar subjects. TEX. GOV'T CODE ANN. § 311.023 (West 2005).

## D. Construction of Section 150.002

Section 150.002 generally requires a plaintiff to file a certificate of merit contemporaneously with the plaintiff's first-filed petition against a licensed design professional. *Sharp Eng'g*, 321 S.W.3d at 752. Subsection (c), however, provides a plaintiff with a thirty-day extension of time to file a certificate of merit if (1) the limitations period will expire within ten days of the filing of the suit, and (2) the plaintiff "has alleged" that a certificate of merit could not be prepared because of this time constraint. TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(c); *see Nangia*, 338 S.W.3d at 772; *Sharp Eng'g*, 321 S.W.3d at 751. This statutory extension does not explicitly provide a deadline for plaintiffs "allegation." We conclude that neither the plain language of the statute as a whole nor the overall purpose of the statute suggests that this allegation must be made in the first-filed petition.

As mentioned, the statute does not expressly state when, how, or in what form a plaintiff must make the allegation required by subsection (c). The Legislature repeatedly used the word "complaint" in this statute, which we previously interpreted to mean the first-filed petition for purposes of subsection (a). *See Sharp Eng'g*, 321 S.W.3d at 751–52. If the Legislature intended that the subsection (c) allegation was effective only if made in the first-filed

petition or complaint, the Legislature could have used the phrase "has alleged *in the complaint*" to signify that the allegation must be made in a particular pleading at a particular time. The Legislature did not do so, and we presume that the Legislature purposefully omitted such language.[5] To imply this language where it does not exist would be contrary to our precedent in *Sharp Engineering v. Luis*, 321 S.W.3d at 751–52 (concluding that the absence of the words "first-filed" before the word "complaint" in section 150.002(a) does not mean the word "complaint" could include the original and all amended "complaints").

Additionally, the Legislature's use of the present perfect form of "allege" does not signify that the allegation must be made in the first-filed petition.[6] Indeed, "has alleged" includes the future form of "allege." *See* Tex. Gov't Code Ann. § 312.003(a)

("Words in the present or past tense include the future tense."). Thus, the contemporaneous filing requirement of subsection (a) does not apply when, "because of such time constraints, the plaintiff has alleged or alleges that an affidavit … could not or cannot be prepared."[7] The word "alleged," even when used in the particular context of the legal profession, merely describes the act of making an assertion—not necessarily in a first-filed petition or even a complaint. *See* Black's Law Dictionary 74 (6th ed. 1990) (defining "alleged" as "Stated; recited; claimed; asserted; charged"). The statute is, therefore, not instructive on the timing of the pleading requirement and is, at most, ambiguous on the timing.

However, there is no indication from the words of the statute or any legislative history that the purpose or intent of the Legislature was to create a strict "plead-

5. Contrary to the Texas statute, other states have enacted certificate-of-merit statutes that expressly require plaintiffs to make similar allegations at a particular time and in a particular form. *See* Cal.Civ.Proc.Code § 411.35(a)-(b) (West 2004) (requiring the plaintiff's attorney to file and serve, on or before the date of service of the complaint, either the certificate of merit or a certificate stating that the attorney was unable to obtain consultation of a licensed professional because of the statute of limitations); Nev.Rev. Stat. Ann. § 40.6884(2) (West 2010) (requiring the attorney for the plaintiff to "file an affidavit concurrently with the service of the first pleading" to explain why the certificate of merit could not be filed concurrently with the complaint due to a limitations issue); Or.Rev. Stat. Ann. § 31.300(3) (West 2011) (providing that the claimant's attorney, in lieu of filing the certificate of merit with or within the "original complaint," may file with the complaint an affidavit that alleges, among other things, the statute of limitations is about to expire and the attorney will file the certificate of merit within thirty days); *see also* N.Y.C.P.L.R. § 3012–a (McKinney 2010) (requiring a complaint in a medical malpractice action to be accompanied by a certificate exe-

cuted by the attorney, stating either that the attorney has consulted with a medical professional and concluded there is a reasonable basis for commencement of the action, or that the attorney was unable to obtain the consultation due to the limitations period); Ohio R. Civ. P. 10(D)(2)(b) ("The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint.").

6. The present perfect tense is "distinguished from the past tense because it refers to (1) a time in the indefinite past, or (2) a past action that comes up to and touches the present. The past tense, by contrast, indicates a more specific or more remote time in the past." The Chicago Manual of Style § 5.119 (15th ed. 2003).

7. The dissenting opinion suggests that the statute requires a plaintiff "to allege that the limitations period 'will expire within 10 days of the date of filing.'" However, this interpretation is a conflation of the precise language. The extension applies if (a) limitations "will expire"; and (b) because of the time constraints, "plaintiff has alleged that an affidavit … could not be prepared."

ing requirement," as appellees stated in their motion to dismiss. The "apparent purpose" of the statute is to allow a court to determine whether certain claims have merit and to provide a vehicle for dismissal when claims lack merit. *See Hardy v. Matter,* 350 S.W.3d 329, 334 (Tex.App.-San Antonio 2011, pet. filed).[8] There is a dearth of legislative history. *See id.* at 336 n. 2 (Hilbig, J., concurring) (noting that the author was unable to find any legislative history for the original certificate-of-merit statute). But a Senate bill analysis of an amendment to the statute confirms the purpose of "protecting engineers and architects from frivolous lawsuits." Senate Comm. on State Affairs 1, Bill Analysis, Tex. H.B. 854, 79th Leg., R.S. (2005).

The statute was enacted in 2003 as part of a comprehensive tort reform bill— House Bill 4. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 205, § 20.01, 2003 Tex. Gen. Laws 847, 896–97. House Bill 4 initially passed the House without the certificate-of-merit statute. *See* Conference Comm. Report 278, Tex. H.B. 4, 78th Leg., R.S. (May 31, 2003). No statements regarding this statute were recorded in the relevant Senate journals, but the "digest and purpose" section of the Senate enrolled statute bill analysis summarized the certificate-of-merit statute as follows:

> Requires a plaintiff in any action for damages alleging the professional negligence by a registered architect or licensed professional engineer to file an affidavit by a registered architect or licensed professional engineer setting forth the negligent act, error, or omission.

Senate Comm. on State Affairs, Bill Analysis 5, Tex. H.B. 4, 78th Leg., R.S. (2003). Thus, the crux of the statute appears to be the affidavit requirement, rather than a pleading or allegation requirement. Further, a House bill analysis for a 2005 amendment confirms this understanding of the Legislature's intent. While discussing the period-of-limitations exception to contemporaneous filing, the House bill analysis makes no mention of the allegation requirement. *See* House Comm. on Civil Practices 1, Bill Analysis, Tex. H.B. 854, 79th Leg., R.S. (2005) ("The plaintiff is not required to file the third-party affidavit if the statute of limitations on the plaintiff's claim will expire within 10 days of the date of filing. In that case, the plaintiff has 30 days after filing the initial complaint to file the third-party affidavit.").

Dismissal of the appellants' lawsuit under the present circumstances—when the appellants made the allegation and filed the certificate of merit within thirty days—would not be a just and reasonable result under the express terms or purpose of the statute. The parties have not discussed, nor are we aware of, any similar allegation requirement in Texas for which the failure to comply is mandatory dismissal. Rather, Texas favors the liberal amendment of pleadings to allow parties to "add something to … that which has been previously pleaded so as to perfect that which is or may be deficient." Tex.R. Civ. P. 62; *see also, e.g.,* Tex.R. Civ. P. 63 cmt. (noting the liberality of the pleading-

---

8. *See also Sharp Eng'g,* 321 S.W.3d at 753 (Sullivan, J., concurring) ("Its ostensible purpose is to provide a mechanism for the threshold elimination of meritless claims against certain professional service providers."); *Landreth v. Las Brisas Council of Co-Owners, Inc.,* 285 S.W.3d 492, 496 (Tex.App.-Corpus Christi 2009, no pet.) ("Chapter 150 may have been enacted to limit actions against architects and engineers by ensuring that there is some basis for the lawsuit."); *Criterium–Farrell Eng'rs v. Owens,* 248 S.W.3d 395, 399 (Tex.App.-Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit.").

amendment rule); *Harold v. Houston Yacht Club,* 380 S.W.2d 184, 186 (Tex.Civ. App.-Houston 1964, no writ) ("The law is well established in Texas that the right to amend is mandatory and that before a pleading can be dismissed for a want of form or other defectiveness, the party affected must have an opportunity to amend."). Courts in Georgia, while interpreting a certificate-of-merit statute similar to our own,[9] have concluded that a plaintiff may satisfy the allegation requirement by filing an amended pleading within the time period for filing the certificate of merit. *See, e.g., Thompson v. Long,* 201 Ga.App. 480, 411 S.E.2d 322, 323–24 (1991) (reversing the trial court's order granting the motion to dismiss when the plaintiff made the required allegation in an amended complaint filed within the extended time period for filing the certificate of merit).

Finally, our construction of the statute does not render subsection (d) meaningless. Subsection (d) provides that a defendant "shall not be required to" file an answer until thirty days after the plaintiff files a certificate of merit. Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d). Appellees argue that defendants would be denied the benefit of this statute if a plaintiff's original petition includes no subsection (c) allegation or certificate of merit because defendants would risk a default judgment. We disagree. In such a situation, nothing prevents subsection (d) from being given full effect. Texas Rule of Civil Procedure 239 provides that a plaintiff may seek default "at any time after a defendant is required to answer." Tex.R. Civ. P. 239. Thus, a defendant may wait to file an answer until after a certificate of merit is filed and the answer becomes due. *See, e.g., In re Hathcox,* 981 S.W.2d 422, 426 (Tex.App.-Texarkana 1998, no pet.) ("A default judgment rendered before a defendant's answer is due is void and must be reversed."); *Conaway v. Lopez,* 880 S.W.2d 448, 449 (Tex.App.-Austin 1994, writ ref'd) ("A default judgment rendered before the defendant's answer is due must be reversed. Indeed, many cases hold that such a judgment is void."). A defendant is in a superior position to know whether it is a licensed or registered design professional, and thus, when faced with a plaintiff's original petition, the defendant will be able to decide when its answer is due and whether it is good strategy to rely on subsection (d).[10]

## CONCLUSION

The trial court abused its discretion when it dismissed appellants' claims under section 150.002. Appellants' issues are sustained, and we reverse the trial court's order dismissing appellants' claims related to the design of catwalks. We affirm the remainder of the trial court's order and remand for further proceedings.

(FROST, J., dissenting).

---

9. *See Sharp Eng'g,* 321 S.W.3d 748, 754 n. 12 (Sullivan, J., concurring) ("In some ways, chapter 150 resembles a pared-down version of the Georgia statute, employing similar language and procedural requirements."); *see also Estate of C.A. v. Grier,* 752 F.Supp.2d 763, 771 (S.D.Tex.2010) (noting similarity between the Texas and Georgia statutes). *Compare* O.C.G.A. § 9–11–9.1(b) (2006 & Supp. 2009), *with* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(c).

10. For example, appellants' original petition included a claim for negligence against appellees for faulty "engineering design" of catwalks in the plant. Appellees could have waited to answer the complaint until a certificate of merit was filed, but they chose not to do so—they filed a general denial about a week after appellants filed their original petition.

KEM THOMPSON FROST, Justice, dissenting.

Under section 150.002(c) of the Texas Civil Practice and Remedies Code, a plaintiff seeking an exemption from the certificate-of-merit filing requirement must make the requisite allegation in the first-filed pleading. Because appellants failed to comply with the statute, the trial court did not abuse its discretion in dismissing their claims related to the design of catwalks. This court should affirm the trial court's order dismissing these claims. Because it does not, I respectfully dissent.

## STANDARD OF REVIEW

This court reviews an order denying a motion to dismiss under the certificate-of-merit statute for an abuse of discretion. *Sharp Eng'g v. Luis,* 321 S.W.3d 748, 752 (Tex.App.-Houston [14th Dist.] 2010, no pet.). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Powell v. Stover,* 165 S.W.3d 322, 324 (Tex.2005). Matters of statutory construction are reviewed de novo. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). When a statutory provision is clear and unambiguous, as in this case, the court need not resort to extrinsic aids to determine the meaning of the provision. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). The court must adopt the interpretation supported by the plain meaning of the provision's words. *Id.; Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993).

## STATUTORY ANALYSIS

Today's decision turns on the court's interpretation and application of section 150.002 of the Texas Civil Practice and Remedies Code. This provision, entitled "Certificate of Merit," governs the requirements and procedures for filing certificates of merit in actions against certain licensed or registered professionals, as set forth below in pertinent part:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file the complaint with an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

  (1) is competent to testify;

  (2) holds the same professional license or registration as the defendant; and

  (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

    (A) knowledge;

    (B) skill;

    (C) experience;

    (D) education;

    (E) training; and

    (F) practice.

. . .

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed profession engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a), (c) (West 2011).

A suit triggering section 150.002 is commenced when the original pleading is filed. *S & P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390, 396–97 (Tex.App.-Austin 2011, no pet.) (construing whether 2005 or 2009 amendments to section 150.002 applied). Accordingly, the action does not recommence with the filing of a subsequent amended pleading, even if the amended pleading names a new defendant for the first time. *Id.* The action from which this appeal arises commenced on March 24, 2010, with the filing of the plaintiffs' original petition. *See id.; see also* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a) (requiring a certificate of merit to be filed "[i]n any action" against certain licensed professionals). Therefore, under subsection (a), the plaintiffs should have filed a certificate of merit contemporaneously with the filing of suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a). They did not.

Subsection (c), under limited circumstances, allows for supplementation of the pleadings with the certificate of merit. This provision contains two requirements: (1) the limitations period must be about to expire within ten days of filing the case ("Looming Limitations"); and (2) the plaintiff has alleged that because of the time constraints imposed by Looming Limitations, an affidavit of a third-party licensed or registered professional could not be prepared ("Inability Allegation"). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(c); *Sharp Eng'g*, 321 S.W.3d at 751. Both requirements must be satisfied for the plaintiff to qualify for an exemption from the contemporaneous-filing requirement of subsection (a). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(c). The statute provides that upon meeting both require-

ments, "the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit." *Id.* If either the Looming Limitations requirement or the Inability Allegation requirement is not satisfied, the trial court must dismiss the claim. *Id.*

Appellants, the plaintiffs below, failed to satisfy the Inability Allegation requirement of subsection (c). *See id.* They do not dispute that they failed to include the Inability Allegation in their first-filed pleading. Instead, they argue that the Inability Allegation under subsection (c) does not need to be made in the first-filed pleading. The majority agrees. A plain reading of the statute shows both are mistaken on this point.

The majority's interpretation of subsection (c) is facially incongruent with the unambiguous words of the statute. Notably, subsection (c) does not say that a plaintiff shall have any extension of time to supplement the pleadings with the requisite Inability Allegation; rather, the plain language of subsection (c) requires the Inability Allegation to be made in the first-filed pleading. *See id.*

The majority relies on a case from the Beaumont Court of Appeals [1] that is at odds with this court's precedent in *Sharp Engineering v. Luis*. *See Sharp Eng'g*, 321 S.W.3d at 751–52 (noting that the exception to the contemporaneous-filing requirement requires both an acknowledgement of the Looming Limitations requirement and the Inability Allegation). Because the Beaumont case is contrary to this court's precedent, the majority errs in following it.

In reaching its conclusion, the majority relies heavily on the Code Construction Act. The majority never says whether it

---

1. *Nangia v. Taylor*, 338 S.W.3d 768, 772 (Tex. App.-Beaumont 2011, no pet.).

believes the statute to be ambiguous but nonetheless reviews the legislative history. Because the statute is unambiguous, there is no sound reason to consider legislative history and many compelling reasons not to do so. And, even if the legislative history did support the majority's interpretation, it would not be right to give effect to the legislative history if doing so would contradict the unambiguous language of the statute. *See Fleming Foods of Texas, Inc. v. Rylander,* 6 S.W.3d 278, 283–84 (Tex.1999) (holding that, although section 311.023 of the Texas Government Code states that courts may consider the legislative history of unambiguous statutes, the legislative history of a statute cannot be used to alter the unambiguous meaning of a statute, except for the rare instance in which it is used to show a typographical error); *St. Luke's Episcopal Hosp.,* 952 S.W.2d at 505 (stating that courts need not resort to extrinsic aids in construing an unambiguous statute and that courts must find the legislature's intent as expressed in the language of the statute). In cases such as this, in which the Legislature has spoken clearly, legislative history serves no valid purpose. *See Wisconsin Pub. Intervenor v. Mortier,* 501 U.S. 597, 621, 111 S.Ct. 2476, 2490, 115 L.Ed.2d 532 (1991) (Scalia, J., concurring in the judgment) (stating that best practice would be not to use legislative history that cannot affect the result in the case because it may confuse courts, such as the state supreme court in the case at hand, into ruling that the legislative history can change the interpretation of an unambiguous statute). This court should not consider legislative history when construing an unambiguous statute.

The majority concludes that under the statute, a plaintiff can effectively make the Inability Allegation in an amended pleading. But, the soundness of that interpretation is belied by the chronology of events contemplated by the statute. Under the majority's interpretation, the key event for a subsection (c) exemption for which the plaintiff is to allege that the limitations period "will expire within 10 days of the date of filing," already will have occurred by the time the amended pleading is filed. If this interpretation were correct, the plaintiff would be permitted to make a prospective statement ("limitations will expire within 10 days of the filing") when the statement is no longer true due to the passage of time. As applied to this case, the appellants/plaintiffs could not have alleged on April 23, 2010, that "limitations will expire within 10 days of the filing [on March 24, 2010]" because on March 27, 2010, limitations already had expired. The Legislature's statutory sequencing in subsection (c) leaves no room for an after-the-fact Inability Allegation.

Rather than take subsection (c)'s words at face value, the majority relies on a provision of the Code Construction Act that states "words in the present or past tense include the future tense" to conclude that "has alleged" includes the future form of "allege." But, this strained approach changes the meaning of the statute's words. The Code Construction Act is supposed to be a tool to aid in giving effect to the Legislature's intent as expressed in the statute, not a tool to alter the Legislature's chosen chronology of events or spoil its statutory scheme. The majority's statutory analysis in this case exemplifies how erroneous interpretations can result when courts use the Code Construction Act to seek a provision's meaning even though the meaning is apparent from the plain words of the statute.

Subsection (c) unambiguously requires the Inability Allegation to be made in the first-filed pleading to qualify for the exception to subsection (a). *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(c). The

statute states in simple terms what a plaintiff must do to qualify for supplementation under subsection (c). The majority erroneously concludes that neither the provision's plain language nor the overall purpose of the statute suggests that the Inability Allegation must be made in the first-filed pleading. The majority strains to explain its interpretation, first by stating that "we presume that the Legislature purposefully omitted [the words "in the complaint"]" and then by superimposing the liberal-pleading rule into the text of the statute to arrive at what the majority deems a "just and reasonable result." The Legislature, however, did not choose to provide this measure of grace. Whether the Legislature's choice is "just and reasonable" is open to debate but the words in the statute are susceptible to only one reasonable interpretation. The Inability Allegation must be made when suit is filed.

## CONCLUSION

The majority concludes the appellants satisfied the Inability Allegation requirement necessary to qualify for subsection (c)'s narrow exception. Under a plain reading of the statute, appellants failed to comply by filing a certificate of merit or by making the subsection (c) allegation in their first-filed pleading. The trial court did not abuse its discretion when it dismissed appellants' claims under section 150.002. This court should overrule appellants' issues and affirm the trial court's order in its entirety.