JACK CARTER, Justice,
dissenting.
(1) “In any action ... the plaintiff shall be required to file with the complaint an affidavit....”
(2) “The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.”
Tex. Civ. Prao. & Rem.Code Ann. § 150.002(a), (c) (West 2011) (emphasis added).
*24 The literal language of the statute authorizes the trial court to extend the time for filing the affidavit if it finds good cause exists to do so. The statute is silent about “when, how, or in what form a plaintiff must make the allegation required by subsection (c).” Epco Holdings, Inc. v. Chicago Bridge & Iron Co., 352 S.W.3d 265, 270 (Tex.App.-Houston [14th Dist.] 2011, no pet.). The majority opinion holds that to apply for the discretionary extension, one must also show entitlement to the statute of limitations grace period. I do not believe the statute imposes that requirement.
First, the contemporaneous filing requirement does not apply when it is shown (1) statute of limitations for the suit will expire within ten days of filing the action and (2) because of that time restraint, such an affidavit could not be prepared. By proving these two conditions exist, the plaintiff shall have thirty days to file the affidavit without any further court consideration or action. In reality, this is not an extension, but an exception to the contemporaneous filing requirement because of a specific, unusual factual situation. If these two qualifying facts exist, the trial court has no authority to insist on a contemporaneous filing.
The second exception differs in that it involves judgment and discretion by the trial court. It is truly an extension of time to file the certificate of merit (“the trial court may, on motion, after hearing and for good cause, extend such time ... ”). This extension requires the plaintiff to file a motion and request that a hearing be conducted and for the plaintiff to prove to the trial court that some “good cause” exists. If that is all accomplished, the trial court may extend the time for filing as justice requires. While the potential for an extension exists, the plaintiff has the burden to convince the trial court that good cause exists to grant it.
The Legislature recognized that it is not always possible to file the certificate of merit simultaneously when the statute of limitations is about to expire. In that instance, contemporaneous filing is not required. But to obtain the discretionary extension, the moving party must convince a trial court that a real good reason exists to extend it. Nothing in the statute dictates that it is necessary to complete all requirements of the statute of limitations exception when one is seeking a discretionary extension and is prepared to attempt to convince the trial court that he or she has good cause for it. WCM Group, Inc. v. Brown, 305 S.W.3d 222, 230 (Tex.App.Corpus Christi 2009, pet. dism’d).
We are engrafting words into the statute to conclude that in order to obtain the discretionary extension based on good cause, “one must have alleged, on or before the date the claim is filed, that his or her claim qualifies for the automatic grace period.”
For support, the majority opinion relies on a canon: the “last antecedent rule.” The United States Supreme Court has said this rule, even when it leads to a sensible grammatical reading, does not compel such when another construction is more reasonable. Nobelman v. Am. Sav. Bank, 508 U.S. 324, 330-31, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). I believe the most reasonable construction is one that follows the actual words in the statute, rather than a construction requiring a ten-page attempt to connect the dots.
The majority appears to be concerned that unless its construction is adopted, parties may wait months or even years after filing the petition to come forth with claims of good cause. While this is accurate in theory, in actual practice if the plaintiff does not file a certificate of merit, just as it did in this case, the defendant will move for a dismissal and the plaintiff would be *25 required to prove its good cause or suffer dismissal. We can rest assured this will not take months or years to accomplish.
I believe the Legislature entrusted the trial courts with making prudent decisions on the issue of “good cause” and extensions; we should not impede that process by a strained construction of the requirements of this statute.
I respectfully dissent.