
March 4, 2019

Sherif Zaafran, M.D.
President
Texas Medical Board
Post Office Box 2018
Austin, Texas 78768-2018

Opinion No. KP-0243

Re: Whether members of the Physician Health and Rehabilitation Advisory Committee are entitled to legal representation by the Office of the Attorney General and indemnification under the Civil Practice and Remedies Code (RQ-0248-KP)

Dear Dr. Zaafran:

You ask whether chapters 104 and 108 of the Civil Practice and Remedies Code require the State to indemnify and defend members of the Physician Health and Rehabilitation Advisory Committee ("Advisory Committee").[1] The Advisory Committee is part of the Texas Physician Health Program ("Program"), a program created by chapter 167 of the Occupations Code to promote physician and physician assistant wellness and the treatment of health conditions that compromise their ability to practice medicine. *See* TEX. OCC. CODE §§ 167.001, .005(a). Chapter 167 establishes a governing board for the Program ("Governing Board") and tasks this entity with many responsibilities, including establishing policies and procedures to administer the Program, providing advice and counsel to the Texas Medical Board, and appointing qualified physicians to serve on the Advisory Committee. *Id.* §§ 167.001(2), .003(b), .004(a); *see also id.* § 151.002(a)(1). Chapter 167 also establishes the Advisory Committee and tasks it with two duties, providing recommendations upon the request of the Governing Board and providing advice and counsel to the Texas Medical Board about implementation of the Program. *Id.* §§ 167.004(b), .006. Administrative regulations also authorize designated members of the Advisory Committee to conduct eligibility interviews for applicants seeking to participate in the Program and provide that the members serve at the pleasure of the Governing Board. *See* 22 TEX. ADMIN. CODE §§ 180.3(b)(1)(B), .4(f)(1).

We first consider your question under chapter 104 of the Civil Practice and Remedies Code. Chapter 104 provides that the State will indemnify and defend certain state employees, contractors, and officers in legal actions based on an action or omission committed during the individual's service to the State, with certain qualifications irrelevant here. *See* TEX. CIV. PRAC. & REM. CODE §§ 104.001 (listing persons entitled to indemnification), 104.002 (describing conduct covered by

---

[1]*See* Letter from Sherif Zaafran, M.D., President, Tex. Med. Bd., to Honorable Ken Paxton, Tex. Att'y Gen. (Sept. 5, 2018), https://www2.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

indemnification). Section 104.001 lists categories of persons entitled to indemnification under chapter 104, including in relevant part:

> (1) an employee, a member of the governing board, or any other officer of a state agency, institution, or department;

> (2) a former employee, former member of the governing board, or any other former officer of a state agency, institution, or department who was an employee or officer when the act or omission on which the damages are based occurred; [or]

> (3) a physician or psychiatrist licensed in this state who was performing services under a contract with any state agency, institution, or department . . . .

*Id.* § 104.001(1)–(3). Persons listed under section 104.001 receive indemnification regardless of whether they performed their services for compensation. *Id.* The Attorney General must defend any person entitled to indemnification under chapter 104. *Id.* § 104.004(a).

We turn to whether members of the Advisory Committee fall within any category of persons covered by indemnification under section 104.001. To be entitled to indemnification under the relevant provisions of chapter 104, members of the Advisory Committee must be current or former employees, state officers, or members of a governing board or physicians who are performing services under a contract with a state governmental entity. *See id.* § 104.001(1)–(3). This office previously concluded that members of a board are likely not employees for purposes of chapter 104. Tex. Att'y Gen. Op. No. JM-1092 (1989) at 8. And you have not provided any information suggesting that these physicians serve under a contract with the State. *See* Request Letter at 1–4. Additionally, while subsection 104.001(1) extends protections to the "governing board" of a state agency, institution, or department, chapter 167 does not define the Advisory Committee as the governing board for the Program. *Compare* TEX. OCC. CODE § 167.001(2) (defining "governing board" for the Program), *with id.* § 167.001(1) (defining "committee" as the Advisory Committee).

The critical question therefore is whether the Advisory Board members are "officer[s] of a state agency, institution, or department," the remaining relevant category of persons entitled to indemnification under section 104.001. *See* TEX. CIV. PRAC. & REM. CODE § 104.001(1). Chapter 104 does not define the term "officer." However, in *Aldine Independent School District v. Standley*, the Texas Supreme Court adopted a standard by which to determine whether a person occupying a particular position is an officer. 280 S.W.2d 578, 583 (Tex. 1955). Although this case examined the question of public office in the context of article V, section 24 of the Texas Constitution, courts subsequently applied the standard developed in *Aldine* to various statutes, including provisions in the Election Code, the Civil Service Act, and the nepotism statute. *See* Tex. Att'y Gen. Op. No. GA-0365 (2005) at 4–5. In addition to judicial opinions, this office has utilized the *Aldine* test in other statutory contexts. *See, e.g.,* Tex. Att'y Gen. Op. No. GA-0284 (2004) at 2–3 (applying *Aldine* standard to conclude that members of a water district's board of directors were "officers" pursuant to several provisions of the Water Code). Under the *Aldine*

standard, the "determining factor [that] distinguishes a public officer . . . is whether any sovereign function of the government is conferred upon the individual to be exercised by him [or her] for the benefit of the public largely independent of the control of others." *Aldine*, 280 S.W.2d at 583. Applying *Aldine* in the context of advisory boards, this office concluded that members of such entities are not officers if their duties are truly advisory because "an individual who serves in a merely advisory capacity does not exercise sovereign powers independent of the control of others." Tex. Att'y Gen. Op. No. GA-0021 (2003) at 5 (quotation marks omitted). However, if an advisory board "exercises some part of the sovereign authority of the state largely independent of the control of others," then that entity "is not truly advisory, regardless of whatever name the board or commission is given." *Id.* at 6. Determining whether a member of an advisory board is an officer therefore requires a case-by-case analysis of the authority provided to the entity. *See id.*

Chapter 167 vests the Advisory Committee with the authority only to assist and advise the Governing Board and the Texas Medical Board in various tasks, including the adoption of rules, policies, and guidelines. *See* TEX. OCC. CODE §§ 167.004(b), .006; *see also* 22 TEX. ADMIN. CODE § 180.3(b)(2) ("The committee shall provide opinions upon request . . . ."). The Governing Board and the Texas Medical Board, however, retain ultimate statutory authority over these decisions. *See* TEX. OCC. CODE §§ 167.003, .006; *see also* 22 TEX. ADMIN. CODE § 180.3(a)(2)(B). Similarly, while administrative rules authorize a member of the Advisory Committee to interview applicants to determine eligibility, members are authorized to perform this function only as a designee of the Program's medical director. *See* 22 TEX. ADMIN. CODE § 180.4(f)(1)(A); *see also* TEX. OCC. CODE § 167.004(b) ("The committee shall assist the governing board by making recommendations *on the request of the governing board*." (emphasis added)); 22 TEX. ADMIN. CODE § 180.4(f)(1)(C) ("Advisory committee members are to be given records only in relation to those individuals that they *have been assigned to review*." (emphasis added)). Additionally, any agreement to accept an applicant into the Program is "subject to review by the Governing Board." 22 TEX. ADMIN. CODE § 180.4(f)(5). A person is not an officer if his or her actions are subject to control by another. Tex. Att'y Gen. Op. No. GA-0738 (2009) at 3; *see also Aldine*, 280 S.W.2d at 583. Moreover, a prior opinion of this office recognized that ordinarily a "public officer" designation does not apply when the individual "may be terminated at will by a superior body." Tex. Att'y Gen. Op. No. GA-0393 (2006) at 3; *see* Tex. Att'y Gen. Op. No. KP-0122 (2016) at 2. As the Advisory Committee members serve at the pleasure of the Governing Board and do not exercise authority independent of others, they serve merely in an advisory capacity and are therefore not officers under *Aldine*. *See* Tex. Att'y Gen. Op. No. GA-0021 (2003) at 5. Accordingly, a court would likely conclude that the Advisory Committee members do not fall within any of the categories of persons entitled to indemnification under chapter 104.[2]

You additionally ask whether the Advisory Committee members qualify for the limitations on liability established under chapter 108 of the Civil Practice and Remedies Code. Request Letter at 1; *see* TEX. CIV. PRAC. & REM. CODE §§ 108.001–.004. Chapter 108, in relevant part, generally

---

[2]Attorney General Opinion DM-409 concluded that members of the Advisory Commission on State Emergency Communications are entitled to indemnity under chapter 104 of the Civil Practice and Remedies Code. Tex. Att'y Gen. Op. No. DM-409 (1996) at 7. The Commission's role and responsibilities were different from the Advisory Committee at issue here, and that opinion did not address the specific responsibilities of the Commission under the *Aldine* standard. Thus, we decline to extend the conclusions of DM-409 to answer this question.

provides that a "*public servant* is not personally liable for damages in excess of $100,000" arising from certain injuries if the damages are the result of an act or omission by the public servant in the course and scope of the individual's service on behalf of a governmental entity and the public servant is covered "for the amount not in excess of $100,000" by the State's obligation to indemnify under chapter 104 or an insurance policy. TEX. CIV. PRAC. & REM. CODE § 108.002(a) (emphasis added). Chapter 108 defines "public servant," in relevant part, as a person who is:

> (A) a *public official* elected or *appointed to serve a governmental unit* and acting in that capacity when the act or omission on which the damages were based occurred; *or*
>
> (B) covered by Section 104.001 or Section 102.001.

*Id.* § 108.001(1) (emphases added). As chapter 102 of the Civil Practice and Remedies Code applies only to local government entities and, as discussed above, chapter 104 also likely does not apply, the relevant questions therefore are whether an Advisory Committee member has the specified insurance coverage and is a "public official . . . appointed to serve a governmental unit." *See id.* The statute does not define "public official," and neither a court nor this office has construed the term for purposes of chapter 108. Courts typically give undefined terms in a statute their ordinary meaning. *See Wal-Mart Stores, Inc. v. Forte*, 497 S.W.3d 460, 471 (Tex. 2016). To determine the ordinary meaning of a statutory term, courts "typically look first to their dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities." *Harris Cty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 129 (Tex. 2017). However, a court will not give an undefined term "a meaning that is out of harmony or inconsistent" with other terms in the statute. *Id.*

Black's Law Dictionary defines "public official" as "[s]omeone who holds or is invested with a public office; a person elected or appointed to carry out some portion of a government's sovereign powers." BLACK'S LAW DICTIONARY 1259 (10th ed. 2014). This definition is arguably broader than the standard in *Aldine*. *See Aldine*, 280 S.W.2d at 583 (requiring that public officers have both (1) sovereign authority; and (2) the ability to exercise that authority independent of others' control). From examining definitions of public official in the context of other statutes and libel suits, this office has likewise noted that the term public official generally "is as at least as broad as, or, in some circumstances, broader than, that of public officer. While every public officer is a public official, the reverse is not necessarily true." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 4. Looking to section 108.001 as a whole for guidance in construing the term, the statute expressly extends the chapter's protections to a wide variety of individuals, including state and local government officers and employees and volunteers of a local government. *See* TEX. CIV. PRAC. & REM. CODE §§ 108.001(1)(B), 102.001(1). Moreover, section 108.001 expressly lists public officials and individuals covered by sections 102.001 and 104.001, which includes state and local government officers, as distinct categories of persons entitled to the chapter's protections. *Id.* § 108.001(1)(B); *see also id.* §§ 102.001, 104.001(1). Thus, construing "public official" as the equivalent of an officer would render the Legislature's use of the term a nullity. *See Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 270 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd) ("[W]e should not adopt a construction that renders a statutory provision meaningless."). In sum, the context of section 108.001—as well as the dictionary definition of the

term and its use in other contexts—suggests that the Legislature intended the term "public official" to encompass individuals appointed to serve a governmental unit but who are not officers. Accordingly, while this is an issue of first impression, rules of statutory construction suggest that a court would likely conclude that the Advisory Committee members are public officials for purposes of the liability limits established under chapter 108 to the extent they satisfy the other requirements of that chapter.

## S U M M A R Y

Members· of the Physician Health and Rehabilitation Advisory Committee serve in an advisory capacity and thus are not public officers. Accordingly, a court would likely conclude that the members are not entitled to legal representation by the Office of the Attorney General and indemnification under Civil Practice and Remedies Code chapter 104.

Chapter 108 of the Civil Practice and Remedies Code establishes limits on the liability of public officials appointed to serve a governmental unit. Under rules of statutory construction, a court would likely conclude that the Physician Health and Rehabilitation Advisory Committee members are public officials for purposes of the liability limits under chapter 108.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee