In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00364-CV
_____

**WALLACE CONSTRUCTION & DEVELOPMENT COMPANY, Appellant**

**V.**

**MADISON PLAZA, LP, Appellee**

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-195,368**

**MEMORANDUM OPINION**

Appellant Wallace Construction & Development Company ("Wallace") appeals from the trial court's summary judgment in favor of appellee Madison Plaza, LP ("Madison"). In two issues, Wallace asserts that the trial court committed error in granting Madison's motion for summary judgment because (1) Wallace was never a terminated entity under the Texas Business Organizations Code, and its claim was not extinguished, and (2) Madison did not establish its affirmative defense of

1

limitations as to its claims for fraud, fraudulent inducement, and breach of contract. We reverse the trial court's order granting summary judgment and remand the cause for further proceedings consistent with this opinion.

PERTINENT BACKGROUND

Wallace filed suit against Madison on February 24, 2014, seeking a declaratory judgment and asserting claims for fraud, fraudulent inducement, and breach of contract related to Wallace's alleged oral agreement to construct a retail and office complex, which was Madison's development project. Wallace explained that the agreement called for Wallace to construct the project at cost and to receive no cash consideration for its services. Wallace pleaded that it constructed the complex pursuant to the agreement and that Wallace's principal and sole stockholder "executed a personal guarantee of all debt incurred by [Madison] including an initial construction loan related to the project in the amount of $1,904.000.00."

According to Wallace's petition, the parties formed a joint venture or partnership, pursuant to which Wallace "was to receive a 25% ownership and profit interest in the Madison Plaza venture." Wallace asserted that despite the agreement and Wallace's performance, Madison refused "to acknowledge the existence of the joint venture or partnership between the parties[]" and refused to render an accounting to Wallace. According to Wallace, Madison failed to pay "any profits or

2

proceeds from the joint venture or partnership." Wallace sought a declaratory judgment that the parties entered into an oral partnership or joint venture, in that Wallace has a 25% interest in the partnership or joint venture, and that Madison is required to provide an accounting for the partnership or joint venture. In addition, Wallace asserted causes of action for "simple fraud[,]" fraudulent inducement, and breach of contract.

Madison asserted a general denial and pleaded that Wallace's claims were barred by the statute of limitations, statute of frauds, laches, and Wallace's alleged violation of conditions precedent. Additionally, Madison denied under oath that it had any partnership or joint venture with Wallace. Madison also contended that it is entitled to "costs and expenses associated with correcting all deficiencies with the construction of the buildings in question." Madison later filed its second supplemental answer, in which it asserted, among other things, that the trial court lacked jurisdiction because, as a terminated filing entity, Wallace lacked standing to sue and did not have the "right to bring or prosecute a claim in a Texas court[.]" According to Madison's second supplemental answer, Wallace's claims were extinguished by operation of law on July 30, 2013. Madison later filed a third supplemental answer and a supplement to its motion for summary judgment, with which he provided a certified copy of the Secretary of State's forfeiture of Wallace.

3

Madison filed a motion for traditional summary judgment, in which it asserted that because the Secretary of State had made Wallace a terminated entity, and Wallace had not been reinstated within three years of its termination, Wallace had no capacity to file suit. Madison asserted that section 11.001 of the Texas Business Organizations Code ("TBOC") defines a terminated entity as, *inter alia*, a domestic entity, the existence of which has been forfeited pursuant to the Tax Code, unless the forfeiture has been set aside, and the TBOC defines "terminated filing entity" as "a terminated entity that is a filing entity." Tex. Bus. Orgs. Code Ann. § 11.001(4)(B), (5) (West Supp. 2018). Madison also cited section 11.356 of the TBOC, which provides that a terminated filing entity continues until the third anniversary of the effective date of its termination for purposes of (1) prosecuting or defending a claim brought by or against the terminated entity or (2) permitting survival of an existing claim by or against the terminated filing entity. *Id.* § 11.356(a)(1), (2) (West 2012).

As Madison stated in its motion, the TBOC provides that "an existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of termination of the entity." *Id.* § 11.359(a) (West 2012). Madison argued that because Wallace was terminated by the Secretary of State on July 30, 2010, and Wallace was not

4

reinstated within three years, "any reinstatement will not be retroactive through the period of termination, including but not limited to for the purpose of filing suit on a claim." According to Madison, Wallace lacked capacity to bring suit because its existence had been terminated, and its corporate status was not reinstated within three years. Madison asserted that Wallace's causes of action were extinguished by operation of law on July 30, 2013, which is the third anniversary of its termination. In addition, Madison contended that Wallace's causes of action are barred by limitations because the discovery rule does not apply and there are no genuine issues of material fact regarding when Wallace discovered the nature of its alleged injury.[1]

With respect to the limitations issue, Madison pointed to the testimony of Loddie Naymola, the president of the corporation that is Madison's general partner, during the 2006 divorce trial of Gary Wallace ("Gary"), the "principal and sole stockholder" of Wallace. According to Madison, Wallace's alleged claim was not inherently undiscoverable, and "the accrual of [Wallace]'s purported claim was . . . stated plainly and under oath and in the presence of Gary Wallace[.]"

Madison also attached a certified notice of forfeiture from the Secretary of State, which stated that that the Comptroller had advised that grounds existed for

---

[1]Madison previously filed a summary judgment and a supplemental motion for summary judgment that dealt with limitations, and the trial court denied both motions as to the limitations issue.

5

forfeiture of Wallace and Wallace had not revived its forfeited privileges within 120 days after the date its privileges were forfeited. According to the document, the date of forfeiture was July 30, 2010. Also attached as evidence was Gary's 2015 deposition testimony.

Madison argued that the discovery rule did not apply, and that Wallace's claims were therefore time-barred as a matter of law. According to Madison, Loddie Naymola's deposition testimony, as discussed with Gary in his deposition, demonstrated that "the accrual of [Wallace]'s purported claim was not only discoverable more than four years prior to the initiation of this case, but stated plainly and under oath in the presence of Gary Wallace," making Wallace's contention that its claim was inherently undiscoverable "disingenuous." According to Madison, for the discovery rule to apply, the injury must be inherently undiscoverable and the evidence of injury must be objectively verifiable.

Wallace filed a response to the motion for summary judgment, in which it asserted that (1) limitations had not run on its claims and (2) it was not a "terminated entity" under the TBOC and, therefore, its claims were had not been extinguished. Specifically, Wallace contended that when the Legislature recodified the Texas Business Corporations Act ("TBCA") as the Business Organizations Code, the Legislature eliminated a corporation's failure to pay its franchise taxes as a basis for

6

forfeiture. According to Wallace, although its existence was forfeited under the Texas Tax Code for failure to pay its franchise taxes, it was not a terminated entity because the forfeiture was set aside. Wallace asserts that "[f]ailing to pay franchise taxes is an administrative issue under the Tax Code, which does not provide a deadline or time limitation as to when an entity can be reinstated or when a tax forfeiture can be set aside."

With respect to the statute of limitations issue, Wallace pointed out that Madison had unsuccessfully asserted its limitations issue twice before in the trial court and asserted that Madison "ha[d] not cited any new evidence or any distinguishing facts." Wallace contended that it could not have discovered its alleged causes of action until a meeting on August 1, 2013, between Wallace, his attorney, Naymola, and others. It was then that Wallace Construction "discovered, or could have discovered, [Madison]'s intention to breach the agreement." Attached to Wallace's response were, among other things, Wallace's application for reinstatement and request to set aside the tax forfeiture; a copy of a tax clearance letter, which stated that Wallace had "met all franchise tax requirements" and was eligible for reinstatement; and a certificate of filing from the Secretary of State, which certified that Wallace had been reinstated to active status, effective May 1, 2018.

7

After conducting a hearing on Madison's motion, the trial judge signed an order granting Madison's motion for summary judgment on June 13, 2018. On the same date, the trial judge issued a letter ruling, in which he concluded that because Wallace was terminated and not reinstated within three years of its termination, Wallace's claims were extinguished. This appeal followed.

ISSUE ONE

In issue one, Wallace argues that the trial court erred by granting Madison's motion for summary judgment because Wallace was never a terminated entity under the TBOC and, therefore, had capacity to sue. We review summary judgment orders *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary judgment must establish that (1) no genuine issue of material fact exists, and (2) it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the moving party produces evidence entitling it to summary judgment, the burden shifts to the non-movant to present evidence that raises a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the summary judgment record "in

8

the light most favorable to the non[-]movant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We must affirm the summary judgment if any of the grounds asserted in the motion are meritorious. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

In 2003, the Legislature repealed the TBCA, and the TBOC provided that the TBOC would become effective as of January 1, 2010, even as to corporations formed before the TBOC was recodified and corporations that had yet not affirmatively adopted the TBOC. *See* Act of March 30, 1955, 54th Leg., R.S., ch. 64, 1955 Tex. Gen. Laws 239, *repealed and recodified by* Act of May 13, 2003, 78th Leg., R.S., ch. 182, §1, sec. 402.005, 2003 Tex. Gen. Laws 267, 593. Under the repealed TBCA, one of the grounds for involuntary dissolution of a corporation by the Secretary of State specifically included the corporation's failure to pay its franchise taxes. *See* Act of May 25, 1981, 67th Leg., R.S., ch. 297, § 25(B)(1), 1981 Tex. Gen. Laws 831, 843 (repealed 2003) (providing for forfeiture when a corporation had failed "to pay any fees, franchise taxes[,] or penalties prescribed by law"). However, when the Legislature recodified the TBCA as the TBOC, the Legislature removed failure to pay franchise taxes as a basis for involuntarily dissolving a corporation, leaving only the previous TBCA categories of fees or penalties prescribed by law. *See* Tex. Bus.

9

Orgs. Code Ann. § 11.251(b) (West 2012) (providing that the Secretary of State may terminate the existence of a "filing entity" for failure to "pay a fee or penalty prescribed by law when due and payable"). Courts must construe statutory language to ascertain and effectuate legislative intent, and we presume that the Legislature intends the plain meaning of its words. *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 269-70 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd). In addition, courts presume that every word of a statute was used for a purpose and every omitted word was purposefully not chosen. *Id*. at 270.

We must presume that the Legislature purposefully omitted nonpayment of franchise tax as a basis for involuntary termination when it repealed the TBCA and enacted the TBOC. *See id*. The TBOC defines a "terminated entity" as a domestic entity whose existence has been either (1) terminated in a manner authorized by the TBOC, "unless the entity has been reinstated in the manner provided by [the TBOC];" or (2) "forfeited pursuant to the Tax Code, unless the forfeiture has been set aside." Tex. Bus. Orgs. Code Ann. § 11.001(4). We conclude that, under the terms of section 11.001(4) of TBOC, Wallace never became a terminated entity because (1) its existence was not terminated in a manner authorized by the TBOC, since the TBOC no longer authorizes termination for failure to pay franchise taxes, and (2) Wallace's forfeiture pursuant to the Tax Code was set aside in 2018.

10

Accordingly, because Wallace was not a terminated entity under the TBOC, Wallace's right to file suit for existing claims had not been extinguished. *Cf. id.* § 11.356 (providing that a terminated filing entity's existence continues for purposes of (1) prosecuting or defending a claim in the entity's name and (2) permitting the survival of an existing claim by the terminated filing entity until the third anniversary of the effective date of its termination).

Section 171.313 of the Tax Code states that if a corporation's charter or certificate of authority has been forfeited, a stockholder, director, or officer of the corporation at the time of the forfeiture may request that the Secretary of State set the forfeiture aside. Tex. Tax Code Ann. § 171.313(a) (West 2015). According to the Tax Code, if such a request is made and the delinquent tax has been paid, "the secretary shall set aside the forfeiture of the corporation's charter or certificate of authority." *Id.* § 171.313(b) (West 2015). Section 171.313 does not contain a time limitation for setting aside the forfeiture. *See id.* § 171.313. The cases cited by Madison in support of its argument before the trial court and on appeal either deal with corporations that were governed by the TBCA rather than the TBOC or rely upon case law that predates the TBOC; therefore, they are distinguishable. *See, e.g., Cohen Acquisition Corp. v. EEB, P.C.*, No. 14-14-00330-CV, 2015 WL 2404869 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (mem. op.) (involving a

11

corporation that was forfeited while the TBCA was in effect); *Emmett Props. v. Halliburton Energy Servs.*, 167 S.W.3d 365, 368 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

For all these reasons, we conclude that Wallace's right to assert its claims against Madison was not extinguished, and, therefore, Madison did not demonstrate that it was entitled to judgment as a matter of law. *See Johnson*, 891 S.W.2d at 644; *see also* Tex. R. Civ. P. 166a(c). Accordingly, the trial court erred by granting summary judgment in favor of Madison on that basis. We sustain issue one.

ISSUE TWO

Because we must affirm the trial court's summary judgment if any of the grounds advanced by Madison are meritorious, we turn to Wallace's second issue. *See Tex. Workers' Comp. Comm'n*, 136 S.W.3d at 648. In issue two, Wallace contends that the trial court erred by granting summary judgment in favor of Madison on Madison's limitations defense because Madison did not establish its affirmative defense as to Wallace's fraud, fraudulent inducement, and breach of contract claims.

The statute of limitations is an affirmative defense. Tex. R. Civ. P. 94. A defendant that moves for summary judgment on the affirmative defense of statute of limitations must conclusively prove when the cause of action accrued, and if the

12

plaintiff pleaded a tolling provision or exception, the defendant must conclusively negate its application as a matter of law. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997); *see also Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 224 (Tex. 1999).

In this case, Wallace pleaded the discovery rule as to its claims for fraud, fraudulent inducement, and breach of contract. Therefore, to prevail on its motion for summary judgment, Madison was required to negate the application of the discovery rule. *See Winograd*, 956 S.W.2d at 530. In a letter ruling regarding a prior summary judgment on limitations, the previous trial judge noted as follows:

> The summary judgment record clearly establishes that [Gary] heard Naymola's testimony at the divorce hearing where he (Naymola) described the parties' joint venture agreement differently than the original agreement. According to the original agreement, the plaintiff would be entitled to a 25% stake of the Madison Plaza ventures once all debts were retired. At the divorce hearing, Naymola testified that, once all debts had been retired, the plaintiff would be eligible for up to 25% interest but at his discretion. [footnote omitted]

> The record also establishes, however, that [Gary] was uncertain whether Naymola's testimony truly reflected his position or was the product of circumstances, i.e. [Gary]'s divorce. It also establishes that he periodically asked Naymola's assistant if the project was making money and was told it was not. He also tried to meet with Naymola on multiple occasions but was told he was in meetings, out of town, etc. (footnotes omitted).

We agree with the previous trial judge's analysis of the evidence and conclude that Madison did not negate the existence of the discovery rule, nor did Madison

13

establish that no genuine issues of material fact remained. *See* Tex. R. Civ. P. 166a(c); *Winograd*, 956 S.W.2d at 530. Accordingly, we conclude that summary judgment in favor of Madison based upon limitations was improper. We sustain issue two. Having sustained both of Wallace's appellate issues, we reverse the trial court's order granting Madison's motion for summary judgment and remand the cause for further proceedings consistent with this opinion.

      REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 30, 2019
Opinion Delivered September 26, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.